PEOPLE *ex rel.* UPDYKE *et al.* v. GILON *et al.*, Board of Assessors.

(*Supreme Court, Special Term, New York County.* December 20, 1889.)

1. CERTIORARI—RETURN—ATTORNEY AND CLIENT—PRIVILEGED COMMUNICATIONS.

Consolidation Act N. Y. § 215, (Laws 1882, c. 410,) requires the corporation counsel to furnish every department and officer of the city government such advice and

legal assistance, as attorney in or out of court, as may be required. *Held*, that his advice to the board of assessors is privileged, under Code Civil Proc. N. Y. § 835, which provides that attorneys shall not be allowed to disclose professional communications, and the board cannot be compelled to disclose such advice on its return to a writ of *certiorari*.

2. SAME—FALSE RETURN.
The remedy for a false return, where the return is not apparently defective, is by action, and not by motion to correct the return.

At chambers. *Certiorari* by the People *ex rel*. Updyke and others against Edward Gilon and others, forming the board of assessors of New York city.

*Truman H. Baldwin*, for relators. *William H. Clark*, Corp. Counsel, and *George L. Sterling*, for respondents.

PATTERSON, J. The court is asked in each of these proceedings to compel the assessors, etc., to make a further return, under oath, of the assessment lists, for certain improvements mentioned in the motion papers, together with the opinions of three gentlemen who, at various and different times, occupied, respectively, the position of counsel to the corporation of the city of New York, and which opinions related to the question of "the assessability of property other than houses and lots," in connection with such improvements, and to require the assessors also to return a copy of all the minutes of the board of assessors relating to such assessments. The practical point to which these applications are addressed seems to be that the assessors had not included in the assessment lists certain property, road-bed, tracks, etc., of the Harlem Railroad Company, nor its horse-railroad structure, as to one improvement, nor the railroad structure, etc., of the Eighth-Avenue Railroad Company, or the Forty-Second Street, etc., Railroad Company, as to the improvements, and the relators desire to have before the court, on a return of the assessors, the opinions and the minutes of proceedings specifically referred to in their several applications now under consideration.

I have not found any law, nor have counsel referred me to any state or decision, which requires the board of assessors to return as a matter of fact the advice which has been given them by their counsel. In their return already made they explicitly declare that they have not assessed the road-bed and structures of the railroads mentioned, because in their opinion such road-beds and structures have not been benefited, and are not, under the law of the state, amenable to assessment for local improvements of the character here in question. If the assessors are wrong in this conclusion, the court can, upon the argument of the causes, determine the question of law. Section 2134 of the Code of Civil Procedure does not require that the return to the writ of *certiorari* shall be verified. The returns are not defective under section 2135 of the Code. They state the fact which the assessors have determined, and the conclusion deduced by them therefrom. The counsel to the corporation is not an *amicus curiœ*, as the relators seem to suggest. By section 215 of the consolidation act, (Laws 1882, c. 410,) he is to furnish to every department and officer of the city government such advice and legal assistance as counselor or attorney, in or out of the court, as may be required by such officer or department, and the advice which he gives to the board of assessors, and the board of revision, etc., I regard as privileged, under section 835 of the Code of Civil Procedure,[1] and the respondents are not bound to disclose it.

As to that branch of the applications which relates to the minutes of the board, it is sufficient to say that the return of the assessors does not appear to be defective. It states, in substance, what transpired before the board, and enough is stated to bring up the question of their power to assess the road-bed, etc., of the railroad companies. If the returns are false in fact, the rem-

[1]This section provides that attorneys shall not be allowed to disclose professional communications.

edy is by an action for a false return, and not by motion. *People* v. *Board*, 73 N. Y. 437. To grant these motions would be, in effect, to allow a plaintiff to dictate what a defendant's answer shall be. Motions denied, with costs.