In the Matter of the Application of WILLIAM H. ALLEN, Appellant, to Examine Certain Records on File in the DEPARTMENT OF HEALTH IN THE CITY OF NEW YORK, Respondent.

**New York** (city of) — board of health — power of board to determine what papers and reports of the department shall, or shall not, be made public.

Section 1175 of the charter of the city of New York (L. 1901, ch. 466) is a special statute which provides that the board of health may establish as it shall deem wise and to promote the public good and public service, reasonable regulations "as to the publicity of any of the papers, files, reports, records and proceedings of the department of health." This empowers the board to determine whether any particular document falling within the prescribed category shall or shall not be made public. (*Matter of Egan*, 205 N. Y. 147, distinguished.)

*Matter of Allen*, 148 App. Div. 26, affirmed.

(Argued March 19, 1912; decided April 2, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered

December 4, 1911, which reversed an order of Special Term directing that petitioner be permitted to inspect certain records in the department of health of the city of New York.

*Clarence King, George H. Stover* and *David O. Decker* for appellant.   Section 1175 of the charter does not give the board of health power to refuse access to the records arbitrarily, but merely authorizes it to regulate inspection by means of rules, which must be reasonable.   (L. 1901, ch. 466, § 1175.) . The rule restricting the right of inspection to those who have a private interest· in the records is unreasonable and invalid.   (*Matter of Lord*, 34 Misc. Rep. 272.)

*Archibald R. Watson, Corporation Counsel* (*Terence Farley* and *George P. Nicholson* of counsel), for respondent.   Section 1545 of the charter is limited, so far as the board of health is concerned, by section 1175 of the charter.   (L. 1901, ch. 466, § 1175.)   The reasonableness of the rules adopted by the board of health, pursuant to section 1175 of the charter, is not attacked.. And, inasmuch as they were not complied with, this proceeding cannot be maintained.   (*People ex rel. Henry* v. *Cornell*, 35 How. Pr. 31; *Matter of Lord*, 59 App. Div. 591; 167 N. Y. 398; *People ex rel. Woodill* v. *Fosdick*, 141 App. Div. 450; *Brewer* v. *Watson*, 71 Ala. 299; *Phelan* v. *State*, 76 Ala. 49; *Randolph* v. *State*, 82 Ala. 527; *State ex rel. Colescott* v. *King*, 154 Ind. 621; *Cormack* v. *Wolcott*, 37 Kans. 391; 15 Pac. Rep. 245; *People ex rel. Bishop* v. *Walker*, 9 Mich. 328; *Lurn* v. *McCurly*, 39 N. J. L. 287.)

WILLARD BARTLETT, J.   This case differs essentially from *Matter of Egan* (decided herewith), in which we have held that a taxpayer is entitled under section 51 of the General Municipal Law to an inspection of the public

documents upon which the commissioners of water supply of the city of New York acted in awarding a contract for the construction of a tunnel under the Hudson river at Storm King. In the opinion in that case it was pointed out that the far-reaching right of inspection conferred upon taxpayers by section 51 of the General Municipal Law might be limited by special statutes relative to public documents in particular departments, such as the board of health in New York. Section 1175 of the Greater New York charter is such a special statute. It provides that the board of health may establish as it shall deem wise and to promote the public good and public service, reasonable regulations "as to the publicity of any of the papers, files, reports, records and proceedings of the department of health." This empowers the board to determine whether any particular document falling within the prescribed category shall or shall not be made public. Pursuant to the authority thus conferred upon it the board has established certain regulations as to the inspection of its records which in our judgment do not exceed its discretionary power under the section cited. The petitioner failed to comply with these rules, and the Appellate Division was, therefore, right in holding that he was not entitled to have his application granted. For these reasons the order appealed from should be affirmed, with costs.

Cullen, Ch. J., Haight, Vann, Hiscock, Chase and Collin, JJ., concur.

Order affirmed.