# THE

# NEW YORK SUPPLEMENT

## VOLUME 147

(162 App. Div. 79)

### FRIEDEBERG et al. v. HAFFEN.

(Supreme Court, Appellate Division, First Department. April 17, 1914.)

EVIDENCE (§ 368*)—PRODUCTION OF BOOKS—ORDER.

    On application pursuant to General Rules of Practice as amended, rule 9, to require the production of official records in the custody of the borough president, the Justice to whom the application for subpœna is made cannot rule upon the competency and admissibility of the records sought as evidence; that being for the trial court to determine, and the only question for the Justice to determine being whether the production of the original record is necessary.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 444, 1540–1558; Dec. Dig. § 368.*]

Appeal from Special Term, New York County.

Action by Theodore Friedeberg and another against Louis F. Haffen and another. From an order denying plaintiffs' application to a Justice of the Supreme Court to require the production of official records in the custody of the president of the borough of the Bronx, plaintiffs appeal. Reversed, and matter remitted, with directions to grant application.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

J. Nathan Helfat, of New York City, for appellants.

Terence Farley, of New York City (John F. Collins and Benjamin Shapiro, both of New York City, on the brief), for respondent.

LAUGHLIN, J. The application was opposed on the ground that the official records sought to be produced are written communications which passed between the president of the borough and the corporation counsel, and that they are privileged by virtue of section 835 of the Code of Civil Procedure. It has been held that the information given by a municipal officer to the corporation counsel, to whom he is required to apply, and upon whose advice he is entitled to rely pursuant to law (see section 255, Greater New York Charter [Laws 1901, c. 466]), and the advice received, are within the protection of said section 835 of the Code of Civil Procedure (People ex rel. Updyke v.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Gilon, 9 N. Y. Supp. 243); and doubtless the application was denied on that ground.

We are of opinion that the learned Justice in denying the motion inadvertently usurped the functions of the trial court, for evidence which is. privileged *may* become admissible, and it is for the trial court, and not for the Judge or Justice to whom the application for the subpœna is made, to rule upon the competency and admissibility of evidence. The amendment to the General Rules of Practice requiring that a subpœna duces tecum in such cases shall only be issued by a Judge or Justice was designed to remedy abuses that have for a long time prevailed with respect to unnecessarily requiring the custodians of public and of quasi public records to remove them from where they are customarily kept for consultation by the public, and transport them to court, when a copy thereof will answer the requirements of the litigants. There was no intention to confer authority upon the Judge or Justice to whom such an application is made, to deprive litigants of evidence, or to rule upon the competency or admissibility of evidence. If Judges or Justices to whom such applications are made should be permitted to grant or deny the applications according to their views of the question as to whether the evidence would be competent or admissible upon the trial of the issues, the defeated party would have no adequate review, and judicial work would be unnecessarily duplicated, for the Judge or Justice would be obliged to examine the pleadings as if he were presiding at the trial.

The question to be considered on such an application is as to whether the production of the *original* record is necessary; and, if not, it is expected that the attorneys will readily enter into a stipulation for the use of a copy or an abstract of the record; and any party refusing so to do subjects himself to the risk of liability for the cost or expense of requiring the production of the original by the subpœna duces tecum.

We are of opinion, therefore, that the order should be reversed, with $10 costs and disbursements, and the matter remitted to the Justice who made the order, with instructions to grant the application. All concur.