(92 Misc. Rep. 503)

### In re GREEN, State Excise Com'r.

(Supreme Court, Special Term, Albany County. December, 1915.)

WITNESSES ☞16—SUBPŒNA DUCES TECUM—ISSUANCE—RIGHT.

Where the state commissioner of excise asks the revocation of a liquor tax certificate, a subpœna duces tecum may issue, on application to a justice of the Supreme Court under General Rule of Practice, rule 9, relative to the issuance of subpœnas duces tecum to public officers, requiring the commissioner to produce on the trial the reports made to him by agents, and any reports or papers material to the issue involved, but such subpœna should not call for complaints concerning the premises in question.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 19–27; Dec. Dig. ☞16.]

Application by George E. Green, as State Commissioner of Excise, for an order revoking and canceling liquor tax certificate No. 11753, issued to George T. Cunningham, and transferred to John J. Reed. Ordered that subpœna duces tecum issue, requiring petitioner to produce certain papers on the trial.

James J. Nolan, of Albany (A. M. Sperry, of Albany, of counsel), for petitioner.

Charles B. Templeton, of Albany, for respondent.

RUDD, J. This is an application by the state commissioner of excise asking for an order revoking and canceling liquor tax certificate No. 11753, issued to George E. Cunningham and transferred to John J. Reed. Upon the petition and answer proceedings have been had and the testimony of witnesses tendered by the petitioner has been taken. The case now rests with the respondent, who has been called to the witness chair and had given some testimony when the proceedings were adjourned.

The adjournment was caused because the chief inspector of the state excise department did not produce at the request of the counsel for the respondent certain papers and records from the commissioner's office. The counsel representing the respondent had caused to be served upon the state commissioner of excise a subpoena duces tecum. The representative of the department failing to produce the papers and records called for by the subpoena, further proceedings were adjourned that the respondent might take such steps as he was advised to raise the question as to whether the commissioner was justified in his refusal.

Upon the application by the counsel for the respondent for an order to show cause why the commissioner of excise should not be punished for contempt it developed that the respondent's counsel had caused to be issued a subpoena duces tecum without making application to a justice of the court as required by rule 9 of the General Rules of Practice. The proceedings under the order to show cause, therefore, fell.

The respondent now, in accordance with rule 9, asks this court to direct the issuance of a subpoena duces tecum "requiring said petitioner to produce on the trial * * * all and every of the certain correspondence, complaints, reports, and other written information received by said petitioner, or his predecessor in office, between May 1, 1915, and September 25, 1915, preliminary or having reference to alleged investigations and inspections had on August 3 and 9, and September 11 and 12, 1915, mentioned in the petition herein."

The chief counsel of the department upon this application files an affidavit to the effect that there is no written complaint on file in the office of the state commissioner of excise, except one made by an organization known as the New York Civic League, specifying the premises in question and others, which should be investigated; that the investigation of the premises in question was made by the direction of Commissioner Farley, the predecessor of the present commissioner, after the publication of items of news in the newspaper concerning the conditions in said premises or immediate neighborhood; and that for that reason no writing can be produced containing a complaint against the premises in question, except possibly the complaint filed by the New York Civic League. The affidavit further states that the counsel has offered in court to produce upon the hearing the written

reports of agents made to the state commissioner of excise, as alleged
in the petition herein, and any records or papers which may in any man-
ner appear to be material to the issue herein.

The contention of the commissioner of excise is that, even if there
were specific written complaints which were the basis of the particu-
lar investigations on the particular days mentioned, such complaints
would be privileged and confidential communications; that they could
not in any way be material to the issue here, and that it would be
against public policy to bring into court such written complaints;
that the state commissioner of excise has under his control certain
investigators whose business it is to examine, to inquire, to investigate,
and to report the results thereof to the state commissioner of excise;
that upon such inquiry and investigation, the reports of which are
made in writing by the investigators to the commissioner of excise
through the chief investigator, if it is found that a place is suffered
or permitted to be disorderly in its character, thereupon and because
of the reports thus made the commissioner of excise makes complaint
to the court in the form of a petition, asking for a revocation of the
license; that many times the attention of the department as to the
character of a place licensed to sell liquor is called by written or oral
communications made by citizens, sometimes by neighbors; that to
make public these complaints made by the citizens, upon which an
investigation may or may not be founded, would result in deterring
citizens from making such complaints; that citizens would fear to
make a complaint if it was to become public, lest they might suffer
damages at the hands of men who are interested in preventing such
complaints from being made; that because of this situation it has
never been the policy of the department from its organization to make
public, under process or otherwise, communications made in the form
of complaints; and that public policy requires that such communi-
cations and such complaints should not under any circumstances be-
come public property.

The petitioner, through the chief counsel, argues that such com-
plaints would be immaterial.   As was said by the court in Friedberg v.
Haffen, 162 App. Div. 79, 147 N. Y. Supp. 1, to pass upon the ques-
tion of the admissibility of such evidence upon the trial would be the
usurping by this court of the functions of the trial court, for evi-
dence which is privileged may become admissible, and that question
as to its admissibility must rest with the trial court conducting the
proceeding under the petition, when the question arises by the presen-
tation or offer of such communications in evidence.

This court is governed by the decision just referred to.   That in-
terpretation of the rule arose under an application for subpœna duces
tecum directing the president of the borough of the Bronx to produce
written communications passing between himself and the corporation
counsel, although they were privileged under section 835 of the Code
of Civil Procedure; still the court there held that the Special Term
erred in refusing the application for a subpœna.   The same question
is not here—here is a question, and a serious one, as to public policy.
What in the long run will best preserve and conserve the public in-

terests? What will best serve to hold up the hands of the commissioner of excise in every laudable and proper effort made or to be made in enforcing the Liquor Tax Law?

Whether the written complaint, if there was one, was received in evidence or not, the mere presenting of it, with a request that it be received, would do the harm which the commissioner of excise properly fears. In the case here under consideration, as above stated, it appears that there is no such written complaint, except the complaint of the New York Civic League, which refers to the premises in question, with others, and the affidavit of the chief counsel distinctly states that these proceedings were instituted, based upon and growing out of the newspaper publication of items referring to the character of the premises in question.

There being, therefore, no such complaint as is contemplated by the request of the respondent to be covered by subpœna duces tecum, it would be useless to direct the issuance of such a subpœna; but, beyond that, even if there was a written complaint by a citizen or citizens specifically calling the attention of the department to the premises in question, alleging the disorderly character of the same, this court would refuse to cause to be issued a subpœna such as the respondent here calls for, on the ground, not only that the communication is a privileged one, not only because it is very questionable whether it would be admissible or not, but, beyond and above that, because it would be clearly against public policy that such a communication should become public property. It is for the enlightenment of the commissioner of excise, who is charged with a great responsibility. He can act upon it or not as he sees fit.

His petition is not based upon such a written complaint, it is based upon information that comes to him from his investigators who are officers of the law, called upon to perform an important duty, and the reports made are the basis of the petition for the cancellation of the certificate, and here the commissioner offers to produce the reports of agents, as alleged in the petition, and any reports or papers which may in any manner appear to be material to the issue herein.

A subpœna duces tecum therefore may issue for the production of the reports of the agents made to the commissioner of excise and any reports or papers material to the issue herein, but such subpœna shall not call for complaints concerning the premises in question which may or may not be on file. An order in accordance herewith may be prepared and will be settled by the court.

Ordered accordingly.