LOUISE McGOWAN, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

DEPARTMENT OF HEALTH OF THE CITY OF NEW YORK, Respondent.

Supreme Court, Appellate Term, First Department, November 5, 1931.

*Edward M. & Paul Grout* [*Dean Potter* of counsel], for the appellant Metropolitan Life Insurance Company.

*Nathaniel Ellenbogen,* for the plaintiff, respondent.

*Arthur J. W. Hilly* [*Milton I. Hauser* and *J. Joseph Lilly* of counsel], for the respondent Department of Health of the City of New York.

LYDON, J. The action is by the beneficiary of a policy of life insurance. The company defends on the ground that the insured made false representations with regard to his health. In his application, made in 1928, the insured denied that he had had any surgical operations, serious illness or disease of the lungs, and denied that he had been attended by a physician during the preceding five years or that he had received treatment within that time in any dispensary, hospital or sanitarium.

Defendant asserts that it has learned that the insured had had pulmonary tuberculosis for several years before he applied for insurance, that he was in Seton Hospital in 1925, was attended at Riverside Clinic in or about 1925 and 1926 and at the Harlem Clinic in 1926 and had several sputum examinations made by the department of health in 1926 and 1927, and also had other hospital treatment and several operations. The clinics in question are conducted by the department of health of the city of New York, and defendant is informed that the insured was sent to Seton Hospital by that department.

Defendant accordingly applied to the court below for a subpœna directing the department of health to produce, upon the trial of the action, any and all books and records showing the care, treatment, medical attendance, history, diagnosis, admission, discharge and disposition, in the case of the insured, who died in 1929. The application was made on notice to the department of health and to the plaintiff's attorney. It was opposed only by the department and was denied, without opinion. Defendant appeals.

The appeal presents a question of importance, not heretofore adjudicated in the reported decisions, and one likely to recur; hence we think our view should be stated.

Section 1175 of the Greater New York Charter provides as follows: " The board of health may establish as it shall deem wise, and to promote the public good and public service, reasonable regulations as to the publicity of any of the papers, files, reports, records and proceedings of the department of health; and may publish such information as may, in its opinion, be useful, concerning births, deaths, marriages, sickness, and the general sanitary conditions of said city, or any matter, place or thing therein."

Pursuant to the authority thus given by the charter the board of health has prescribed the following regulation:

" Regulation 9. Records. A complete and adequate record shall be kept of every case of pulmonary tuberculosis, examined or treated at a dispensary. The Department of Health may require in its discretion regular and uniform statistical reports relating to the examination, care and treatment of all persons coming within

the jurisdiction and control of such dispensary. Such records shall not be open to inspection by the public or to any person other than the representatives of the Department of Health of the City of New York and such persons as may be authorized by law to inspect such records."

Defendant contends that since it is a party to the present action it is a person authorized by law to inspect the records in question, and hence that the quoted regulation of the department does not forbid the granting of its motion. If the regulation be construed otherwise, it says, the department has exceeded its power under the charter. Its rule is, then, not a reasonable regulation, but an unreasonable prohibition.

We are of the opinion that the mere fact that the applicant is a party to an action in which the records in question may be material or relevant to the issues does not make it a person authorized by law to inspect such records within the meaning of the regulation. The purpose of the regulation was to forbid inspection by persons who, on general principles, might be entitled to inspect the records, and to confine such inspection to persons who might be authorized, by special provisions of law, to make it.

Nor do we think the regulation, so construed, an unreasonable one. The papers submitted by the department in opposition to the application show that some regulation of this sort is highly desirable in the public interest. Persons suffering from contagious or infectious diseases, including sufferers from tuberculosis, must be assured of the greatest secrecy in dealing with their cases before their full co-operation with the public health authorities can be expected. The highly useful work of the department of health might be seriously interfered with, to the prejudice of the community, if its records in such cases were known to be subject to disclosure at the demand of any one having an interest in learning their contents.

It has been held, in somewhat analogous cases, that records of other departments should be produced subject to such objections, if any, as might be made on the trial. (*Friedeberg* v. *Haffen*, 162 App. Div. 79; *People ex rel. Stenstrom* v. *Harnett*, 224 id. 127.) But we think that a greater degree of protection may properly be required for records of the department of health, and that the regulation referred to has provided it. (*Matter of Allen*, 205 N. Y. 158.)

In the present case the right to waive the statutory prohibition against disclosure on the trial would not exist. The patient who, by the hypothesis, has been treated for tuberculosis is dead and is not represented in the action. Plaintiff sues, not as the representa-

tive of the decedent, but in her own right as beneficiary under the terms of the policy. (Civ. Prac. Act, §§ 352, 354.)

Our conclusion appears to be in harmony with the principle of the decision in *Matter of Green* (92 Misc. 503; affd., 173 App. Div. 923).

Order affirmed, with ten dollars costs and disbursements.

All concur; present, LYDON, LEVY and CALLAHAN, JJ.