Louise McGowan, Respondent, *v.* Metropolitan Life Insurance Company, Appellant.*

First Department, January 29, 1932.

*Dean Potter* of counsel [*Leroy A. Lincoln, Harry Cole Bates* and *Joseph Howland Collins* with him on the brief; *Edward M. Grout* and *Paul Grout,* attorneys], for the appellant.

*Nathaniel Ellenbogen,* for the respondent.

*Milton I. Hauser* of counsel [*J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the Department of Health, City of New York.

Martin, J. The plaintiff, widow of John J. McGowan, has brought this action as beneficiary to recover the amount alleged to be due on an insurance policy. The deceased applied for and received the policy in the year 1928, and a copy of his application was attached thereto.

The case was called for trial on June 17, 1931, but an adjournment was granted pending the decision of this appeal from an order denying defendant's motion for a *subpœna duces tecum* addressed to the department of health, directing the production

* Affg. 141 Misc. 834.

of records showing the treatment of the deceased for a communicable disease at the health department's clinics.

The department of health of the city of New York is not a party to this action, but appeared in opposition to this application, after service upon it of a notice of motion under rule 162 of the Rules of Civil Practice, for an order requiring records, books and papers in connection with the diagnosis and treatment of the disease from which John J. McGowan was suffering. The department of health refused to permit an inspection or examination of these records on the ground that to divulge the secret information contained therein would be in violation of the rule of the department and against public policy.

The Sanitary Code (§ 223), ▌ and regulation 9, adopted thereunder, provides that the records of the department shall not be open for inspection by the public or to any person other than the representatives of the department of health of the city of New York and such persons as may be authorized by law to inspect such records.

The appellant relies on the case of *Friedeberg* v. *Haffen* (162 App. Div. 79) as authority for the issuance of this *subpœna duces tecum*. In that case a communication between the corporation counsel and a borough president was directed to be subpœnaed, but there was no such question of public policy there involved as is present in the case before this court upon this appeal.

In *Davis* v. *Supreme Lodge, Knights of Honor* (165 N. Y. 159), the Court of Appeals said: " The disclosure by a physician, whether voluntary or involuntary, of the secrets acquired by him while attending upon a patient in his professional capacity, *naturally shocks our sense of decency and propriety*, and this is one reason why the law forbids it. The form in which the statements are sought to be introduced is of no consequence, whether as a witness on the stand or through the medium of an affidavit or certificate. All are equally under the ban of the statute."

To induce those who are afflicted with a communicable disease to submit to examination and treatment in an effort to eradicate such diseases and protect the public who might come in contact with those suffering from same, the department of health has established clinics for their use, with the assurance that the information thus obtained will not be divulged and that the records containing such information will not be open for inspection by the public. If that assurance cannot be relied upon, those so afflicted may refuse such aid with the result that they may endanger the health of the public at large. The security inspired by such a

rule gives confidence to those requiring treatment and encourages them to co-operate with the department of health in an effort to control or eradicate such diseases.

We are not here passing upon the admissibility of the evidence, only on the question of public policy.

In *Matter of Green* (92 Misc. 503; affd., 173 App. Div. 923) the court said: " As was said by the court in *Friedeberg* v. *Haffen*, 162 App. Div. 79, to pass upon the question of the admissibility of such evidence upon the trial would be the usurping by this court of the functions of the trial court, for evidence which is privileged may become admissible and that question as to its admissibility must rest with the trial court conducting the proceeding under the petition when the question arises by the presentation or offer of such communications in evidence.

" This court is governed by the decision just referred to. That interpretation of the rule arose under an application for *subpœna duces tecum* directing the president of the borough of The Bronx to produce written communications passing between himself and the corporation counsel, although they were privileged under section 835 of the Code of Civil Procedure; still the court there held that the Special Term erred in refusing the application for a subpœna.

" The same question is not here — here is a question and a serious one as to public policy. What in the long run will best preserve and conserve the public interests. What will best serve to hold up the hands of the commissioner of excise in every laudable and proper effort made or to be made in enforcing the Liquor Tax Law.

" Whether the written complaint, if there was one, was received in evidence or not, the mere presenting of it with a request that it be received would do the harm which the commissioner of excise properly fears. In the case here under consideration, as above stated, it appears that there is no such written complaint * * *.

" * * * but beyond that even if there was a written complaint by a citizen or citizens specifically calling the attention of the department to the premises in question, alleging the disorderly character of the same, this court would refuse to cause to be issued a subpœna such as the respondent here calls for, on the ground not only that the communication is a privileged one, not only because it is very questionable whether it would be admissible or not, but beyond and above that, because it would be clearly against public policy that such a communication should become public property."

In *Grattan* v. *Metropolitan Life Ins. Co.* (80 N. Y. 281) the

insurance company sought to prove by the attending physician the nature of the illness of which the mother of the insured died, and it was held that the proof was properly excluded. (See, also, *Buffalo Loan, T. & S. D. Co.* v. *Knights Templar & M. M. A. Assn.*, 126 N. Y. 450.)

The appellant says that if it can produce these documents it will be in a position to prove that the deceased applied for treatment at the board of health. To do so it would be necessary to disclose all the facts which should be kept secret.

If the fact that the deceased applied for treatment is admissible it may be proved by other evidence. To prove that fact by the production of the papers required would necessarily compel a disclosure of the details of the visit of the deceased to the department of health. The reason assigned for the necessity of such disclosure of the official documents of the department of health does not outweigh the importance of keeping the contents of such papers secret. The protection thus afforded the people of the city of New York is of much greater importance than the interests of a litigant in an action of this character.

The rule of the department of health forbidding the disclosure of information contained in its records is a sufficient ground for the denial of the appellant's motion for a *subpœna duces tecum*. To divulge to the world the secrets of a patient would not only be shocking, but against public policy.

The determination should be affirmed, with ten dollars costs and disbursements.

FINCH, P. J., McAVOY and TOWNLEY, JJ., concur; O'MALLEY, J., concurs in result.

Determination affirmed, with ten dollars costs and disbursements.