## Pennsylvania Federation of the Blind v. State Council for the Blind

*William Taylor, Jr., William H. Earnest,* and *George L. Reed,* for petitioner.

*Charles J. Margiotti,* Attorney General, and *Adrian Bonnelly,* Deputy Attorney General, contra.

WICKERSHAM, J., March 15, 1937.—The petition for a writ of alternative mandamus alleges, inter alia, that plaintiff is a corporation composed exclusively of blind persons; that it is generally recognized as a spokesman of the "rank and file" of the blind, in contradistinction from the agencies for the blind controlled by the sighted; that the body from which the performance is sought is State Council for the Blind, a departmental administrative board within the Department of Welfare, created by The Administrative Code of April 9, 1929, P. L. 177, sec. 444; that relator by many letters and personal conversations has demanded from the said council the privilege

of copying or having copied the lists of names and data concerning the blind of this Commonwealth which have been gathered by the council, its agents and employes, which demand has been refused; that relator seeks from defendant performance of the duty imposed upon it by section 2320 (e) of The Administrative Code, supra, making available to it, an agency concerned with work with and for the blind, information in regard to blind persons and persons of impaired vision in this Commonwealth, more specifically, to grant relator access to the council's records containing names of and data concerning blind residents of Philadelphia and Delaware Counties; that such information would be essential to relator's present and future efforts in behalf of the blind; and that relator is without other adequate and specific remedies at law, for without such information relator is hampered in its efforts to bring about the economic and social advancement of the blind by the blind. This petition asks the court to command the said State Council for the Blind, defendant, to grant relator access to its records, as above set forth.

Upon presentation of this petition a writ of mandamus in the alternative form was issued as therein prayed. To the said petition and writ the Commonwealth, by Attorney General, filed its petition to quash the said writ for the reasons that (1) the petition does not set forth any demand by plaintiff or refusal by defendant to perform any act or duty enjoined upon defendant by law, statutory, or otherwise, but sets out a demand to perform an act which is, at most, discretionary; and (2) the petition seeks the performance by defendant of an act not enjoined upon it by law and, at most, discretionary with it.

## Discussion

In support of the demand of relator our attention is directed to The Administrative Code of 1929, supra, sec. 2320, which provides, inter alia:

"State Council for the Blind.—The State Council for the Blind shall have the power, and its duties shall be . . . .

"(e)  To collect, systematize, and transmit to the Department of Property and Supplies for publication and distribution to other agencies, information in regard to blind persons and persons of impaired vision in this Commonwealth, including their present physical and mental condition, the causes of blindness, and the possibilities of improvement of vision, their financial status and earning capacity, their capacity for education and vocational training, and any other relevant information looking toward the improvement of their condition".

It has been uniformly held that mandamus may issue only where petitioner has some well-defined legal right, which is complete, specific, and legal, with a corresponding ministerial duty on defendant: Commonwealth ex rel. v. Mitchell et al., 82 Pa. 343. This principle is so well known and understood that we think it is unnecessary to refer to other authorities.

Section 2 of the Act of June 8, 1893, P. L. 345, 12 PS §1912, sets forth the elements which must be inserted in a petition for a writ of mandamus. This section provides, inter alia, that petitioner must set forth "the act or duty whose performance he seeks . . . demand or refusal to perform the act or duty". If there be a clear legal right in relator, a corresponding duty in defendant, and a want of any other adequate and specific remedy, a writ of mandamus will lie: Commonwealth ex rel. v. The Select and Common Councils of the City of Pittsburgh, 34 Pa. 496; Rossiter v. Walker et al., 5 Erie 14; Grady v. Frantz, etc., 34 Lanc. 145.

We think relator's burden must be to prove that defendant has the ministerial duty imposed upon it by law to permit relator to inspect and examine defendant's records concerning blind residents of the various counties of Pennsylvania at such times as relator may see fit and proper. Relator attempts to impose this duty to allow it to inspect records by quoting section 2320(e) of The Administrative Code of 1929, above quoted.

We find nothing in the section to which reference has been made which imposes upon defendant a duty to permit examination of its records. Said section merely sets forth the right of the council to publish statistics concerning the status of blind persons; it nowhere pretends to give any group or agency the right to inspect the records of the council.

Section 2320 of The Administrative Code shows an intent that the council shall be a health agency of the State. As such it is a branch of the executive government, performing a vital and necessary part of governmental functions. Reports made to it by individuals concerning their causes of blindness and their present condition are extremely important for the council to perform its functions properly; without such information its work would be handicapped, if not nullified. There is, therefore, a distinct analogy between these reports or records, and those made by the Department of Health.

In a well-written opinion it was said by the present president judge of this court, then acting as Deputy Attorney General, in State Department of Health, 27 Dist. R. 510, 511:

"The production of records of the Department of Health is quite a different matter. These records are made by reports, and it may not be for the best interest of the State, or the Health Department, to have records of this character submitted in any litigated case in which they are called for, and heretofore the courts have decided that such records cannot be demanded where the Department of Health protests against their exhibition."

This statement of the then Deputy Attorney General was quoted with approval in Marks' Appeal, 121 Pa. Superior Ct. 181, 183, where it appeared that the Superintendent of the Bureau of Infectious Diseases of the City of Pittsburgh refused to produce the records of his department or bureau in response to a subpœna by the County Court of Allegheny County in an action of assumpsit; the county court adjudged the witness to be in

contempt of court and fined him $25 and ordered him to be committed to jail until he had purged himself of the contempt. We quote from the opinion of President Judge Keller, at page 185:

"The right of the executive officer to determine whether production and publication of the document in his custody would be injurious to the public service was upheld by Chief Baron Pollock in the leading case of Beatson v. Skene, 5 Hurl. & N. 838, 852. [Cited in Hartranft's Appeal, 85 Pa. 433, 447, as Beaton v. Skene.] That case ruled that a judge at Nisi Prius has no power to compel a witness to produce documents connected with affairs of State, if their production would be injurious to the public service; and that the question whether their production would be so injurious must be determined, not by the judge, but by the head of the department having the custody of the documents; for, the Chief Baron said: 'The judge would be unable to determine it [that is, the question whether production of the document would be injurious to the public service] without ascertaining what the document was, and why publication would be injurious to the public service—an inquiry which cannot take place in private, and which taking place in public may do all the mischief which it is proposed to guard against.' "

See also McGowan v. Metropolitan Life Ins. Co., 141 Misc. 834, 253 N. Y. Supp, 551, affirmed in 234 App. Div. 366, 255 N. Y. Supp. 130; and Klucher's Appeal, 42 Dauph. 231, wherein is quoted the following language from the case of Church of the Holy Trinity v. United States, 143 U. S. 457, 459:

"It is a familiar rule, that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit, nor within the intention of its makers."

Counsel for relator relies upon Commonwealth ex rel. v. Bair, 5 Dist. R. 488; Commonwealth v. Weaver, 14 Dist. R. 302; Commonwealth ex rel. v. Walton, Controller, 6 Dist. R. 287; Noecker v. Woods, 259 Pa. 160;

City Sewage Utilization Co. v. Davis et al., 8 Phila. 625; East Lake Road and Payne Avenue, 309 Pa. 327, and Commonwealth ex rel. v. Marshall et al., 3 W. N. C. 182, 186. We have examined all of these authorities with care and are of opinion they do not control the instant case. To comment upon each one of said authorities would extend this opinion to an unusual length without establishing any principle which would move us to change the conclusion we have reached, which is that the motion of defendant to quash the writ of mandamus in the alternative form must prevail.

And now, March 15, 1937, it is ordered, adjudged, and decreed that the writ of mandamus in the alternative form is hereby quashed.