Martha Hoyt and Another, Plaintiffs, *v.* Cornwall Hospital, Defendant.

Supreme Court, Special Term, Kings County, August 16, 1938.

*A. L. Obre,* for the plaintiff, Martha Hoyt.

*Lorenz J. Brosman,* for the defendant.

Nova, J.   This is a motion for examination before trial in order to frame a complaint.

This case is fraught with unusual circumstances.   The plaintiff Martha Hoyt, before becoming a patient in the defendant hospital, never had syphilis, but she claims that after coming out of said hospital over the period August 16, 1936, to September 7, 1936, she did have syphilis or a syphilitic infection as a result of two blood transfusions while in the hospital.   It is claimed that the hospital negligently omitted to test the blood of the donors for syphilis or syphilitic infection and failed to take Kahn or Wasserman or other specific test for syphilis prior to the transfusions.   All the patient knows about the matter is that she was admitted to the defendant hospital on the recommendation of her doctor, who previously had been treating her for some sort of bladder and kidney trouble and that during the course of her hospitalization she was subjected

to two blood transfusions in which the blood of blood donors was used. She does not know who the first blood donor was but the second blood donor was her son or rather, as the moving papers state, the son of the husband of the patient.

The movant also asks for the production of the hospital records to learn the circumstances surrounding the administration of said transfusions, upon the ground that the hospital has wholly failed to make these records available to the plaintiffs, so that the plaintiffs are without adequate information as to the time, place and circumstances of the said transfusions; as to the nature of the tests taken by said hospital with respect to the blood of the patient and of the blood donors.

In the First Department a somewhat similar situation presented itself in the case of *Schonhous* v. *Weiner* (138 Misc. 759), wherein the plaintiff sued a physician for malpractice in negligently permitting gauze to remain in her abdominal cavity. She showed that at the time of the operation she was under an anesthetic and, therefore, she could not know what defendant did and she asserted that no other physician would testify against defendant and that she could not elicit the proof she sought, and on which she had the affirmative, other than by an examination of the defendant before trial.

The examination was allowed and it was pointed out that unusual circumstances would be presented in a case where the plaintiff would be unable to prove a cause of action without an examination of the defendant. It sometimes happens that the patient does not know the details of what was done and where this is so it presents what may be called an unusual circumstance justifying a wider examination than would ordinarily be allowed in a tort action.

The statute concerning examinations before trial (Civ. Prac. Act, § 295) was designed for a situation such as this.

Now, as to the production of the records, this motion should also be granted. The application is supported by section 296 of the Civil Practice Act. (*Matter of Rubin*, 161 Misc. 374; *People ex rel. Robin* v. *Hayes*, 84 id. 263; *Ehrlich* v. *New York Central R. R. Co.*, 251 App. Div. 721.) The question of professional privilege, as set forth in section 352 of the Civil Practice Act, precluding physicians, nurses or institutions from revealing medical information without the consent of the patient, was based upon the right of the patient to control the production of those records as he or she saw fit. Since the patient herself demands the production of the records, the hospital may not be heard to refuse to divulge the information because of section 352 of the Civil Practice Act.

In view of all of the foregoing, the hospital records are ordered produced in accordance with item No. 20 in the order to show cause of Mr. Justice Dodd dated August 6, 1938.

The motion also for examination before trial of the defendant is granted with respect to the following items, to wit: 1, 4, 6, 8, 10, 11, 12, 13, 15, 16, 17, 18 and 19. As to items 2, 3, 5, 7, 9 and 14, they are denied.

Settle order on notice.