DOWDELL D. THOMAS, as Administrator, etc., of MARIE A. THOMAS, Deceased, Respondent, v. BRIDGET THERESA MORRIS, Also Known as THERESA BRIDGET MORRIS, and Dr. ARTHUR DAVIS, Commissioner of Health, Suffolk County, Appellants.— Order directing that a subpœna *duces tecum* issue directing the commissioner of health of Suffolk county and the Department of Health of the State of New York, Division of Communicable Diseases, to produce at the trial of this negligence action certain records and papers, made and compiled pursuant to section 25 of the Public Health Law and the New York Sanitary Code, as may go to prove that the defendant was a typhoid carrier, and that she knew it, reversed on the law, without costs, and motion denied, without costs. Hagarty, Taylor and Close, JJ., concur with the following memorandum: While the question here presented might await the trial (*Equitable Life Assur. Soc. of U. S.* v. *Mpasstas*, 256 App. Div. 878), we think it should be determined at this time as a matter of public policy. We are of opinion that the information acquired for the purpose of compiling the records contemplated by the Public Health Law and the Sanitary Code is to be deemed privileged within the purview of section 352 of the Civil Practice Act. It would seem that the Public Health Law and the Sanitary Code, by providing for the reporting of communicable diseases, in a sense, violate the provisions of section 352 of the Civil Practice Act. This violation, if it may be deemed such, is in the interest of the public good, while section 352 of the Civil Practice Act is for the protection of the individual. There can be and of course there is no claim that the Health Law and the Sanitary Code are ineffectual because of such apparent violation or conflict. However, the question here is whether or not these public records may be made available to individuals in the course of private litigation, and it must be decided in the light of both provisions, *i. e.*, those enacted in the public interest and those enacted to protect the individual. (*Davis* v. *Supreme Lodge, Knights of Honor*, 165 N. Y. 159; *Grattan* v. *Metropolitan Life Ins. Co.*, 80 id. 281; *McGowan* v. *Metropolitan Life Ins. Co.*, 234 App. Div. 366.) Lazansky, P. J., dissents on the ground that until the documents are examined and contents noted, their admissibility in evidence cannot be decided. Such determination is for the trial court. (*Friedeberg* v. *Haffen*, 162 App. Div. 79; *Equitable Life Assur. Soc. of U. S.* v. *Mpasstas*, 256 id. 878.) Carswell, J., dissents on the ground that it does not presently appear that the quantum of information required to be evidenced is privileged or barred from disclosure by statute.