In the Matter of MARYLAND CASUALTY COMPANY, Respondent. CITY OF NEW YORK et al., Appellants.

First Department, June 30, 1948.

*Fred Iscol* of counsel (*Seymour B. Quel* and *James J. Thornton* with him on the brief; *John P. McGrath, Corporation Counsel*), for appellants.

*William S. Sinclair* of counsel (*Joseph Kane* with him on the brief; *George J. Stacy,* attorney), for respondent.

SHIENTAG, J. This appeal, in effect, involves an application addressed to a Justice of the Supreme Court at Special Term, Part I, for an order directing that a subpœna duces tecum to be issued in the future, in the manner provided by section 119 of the Workmen's Compensation Law, should be obeyed. There is no basis for any such procedure.

What it is sought to have produced before the Workmen's Compensation Board are the records of Bellevue Hospital in the city of New York relating to the physical and mental condition of an injured employee who was an inmate of the hospital and who has filed a claim for compensation.

Section 119 of the Workmen's Compensation Law provides that " A subpœna or a subpœna duces tecum may be signed and issued by the chairman, a member of the board, referee or such other officer as may be designated by the chairman. A subpœna or a subpœna duces tecum may also be signed and issued by any attorney and counsellor-at-law appearing before the board on behalf of a claimant or other party. Failure to obey such subpœna shall constitute a contempt as provided by the civil practice act."

It is contended that, notwithstanding this quoted section, the Workmen's Compensation Board is without power to issue a subpœna duces tecum directing the production before it, of the hospital records referred to, at a hearing on a claim for compensation filed by the patient, the injured employee. Four grounds are urged in support of this contention: (1) that it is contrary to public policy to order records relating to mental condition to be produced at a hearing on a claim for workmen's compensation; (2) that under subdivision 9 of section 34 of the Mental Hygiene Law only a judge of a court of record is empowered to order such records to be produced; (3) that under

rule 162 of the Rules of Civil Practice such hospital records may be ordered produced only on order of a Justice of the Supreme Court on one day's notice to the parties in interest, and (4) that under sections 352 and 354 of the Civil Practice Act the hospital records are privileged.

(1) No consideration of public policy prevents the proper use at a hearing on a claim by an injured employee under the Workmen's Compensation Law, of relevant hospital records relating to his mental condition. On the contrary it would seem to be against public policy to exclude any competent and relevant evidence bearing on the nature and extent of the injuries claimed by the employee and their relation to an accident arising out of and in the course of his employment. *McGowan* v. *Metropolitan Life Insurance Company* (234 App. Div. 366) and *Matter of N. Y. City Council* v. *Goldwater* (284 N. Y. 296) have no application to a situation such as here presented. In the first case a rule of the Department of Health insured that reports of venereal disease and records of treatment thereafter would be held confidential and not disclosed; and the second case dealt with an attempt, in connection with a governmental investigation, to have hospital records of patients produced without any waiver of the claim of privilege.

(2) Subdivision 9 of section 34 of the Mental Hygiene Law has no application to Bellevue Hospital. That section provides that upon admission of a person to any State institution in the Department of Mental Hygiene as a patient therein a record of the case shall be kept by the director of the institution which " record shall be accessible only to the director and such officers and subordinates of the institution as he may designate and to the commissioner and his representatives, except on the consent of the commissioner or an order of a judge of a court of record." Bellevue Hospital is not a State institution and its records, even if they relate to the mental condition of a patient, do not come within the purview of this section of the Mental Hygiene Law.

(3) Rule 162 of the Rules of Civil Practice provides, so far as here pertinent, that no subpœna duces tecum, requiring a public officer or a department of a municipal corporation " to produce on the trial of an action or proceeding before a court or referee ", books, papers or other documents in its or his possession, " shall be issued, except by a justice of the supreme court in the district in which * * * the * * * department is situated or the public officer is employed, or by a judge of the court in which the action or proceeding is pending ", and except

upon one day's notice to the officer or department and also to the opposing party or his attorney. The rule further provides that the justice to whom the application is made shall not require the production of such records before a court or referee when a stipulation between the attorneys will serve, in his opinion, the purpose of such production, and he may impose such other conditions as in his opinion may be reasonable; that upon the refusal of a party to such an application to make such stipulation when required so to do, the justice to whom the application for subpœna duces tecum is made may impose on such party the actual cost or expense incurred in producing the records in addition to the fees required by law on the service of a subpœna.

Clearly, this provision has no application to a hearing before the Workmen's Compensation Board or a referee thereof on a claim for compensation filed by an injured employee. The rule relates only to an action or a proceeding before a court or a referee thereof. In view of the informal character of the proceedings under the Workmen's Compensation Law, this rule should not be stretched by implication.

(4) Section 118 of the Workmen's Compensation Law provides that " The chairman or board in making an investigation or inquiry or conducting a hearing shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure, except as provided by this chapter; but may make such investigation or inquiry or conduct such hearing in such manner as to ascertain the substantial rights of the parties.  *  *  * " We assume, however, without so deciding that even under its broad powers the Workmen's Compensation Board has no right to disregard the statutory physician-patient privilege provided by sections 352 and 354 of the Civil Practice Act (see N. Y. Const., art. I, § 18; Workmen's Compensation Law, § 13-a, subd. 4; §§ 19, 20; *Matter of Altschuller* v. *Bressler,* 289 N. Y. 463). The physician-patient privilege, assuming it to apply, is waived when a claim for compensation is not alone filed but is prosecuted by one competent to do so; for the valid prosecution of such a claim necessarily involves the giving of testimony on behalf of the claimant, with respect to the injuries alleged to have been caused by the accident. The privilege is deemed to have been waived as soon as evidence in his behalf is given of the claimant's injuries (*Capron* v. *Douglass,* 193 N. Y. 11, 17; *Hethier* v. *Johns,* 233 N. Y. 370; *Munzer* v. *Swedish American Line,* 35 F. Supp. 493; *Apter* v. *Home Life Insurance Company,* 266 N. Y. 333).

The proper procedure then, for the production of the records of Bellevue Hospital here sought, is for a subpœna duces tecum to be issued in accordance with the provisions of section 119 of the Workmen's Compensation Law. This would not in any way authorize the inspection of these records by, or their disclosure to, any person except the claimant or his representative. The hospital records so subpœnaed are to be turned over to the Workmen's Compensation Board or its referee at the hearing, and may be inspected by the employer's representative and offered in evidence only when it is ruled that the records are relevant and that the privilege with respect thereto no longer applies (cf. *Thomas* v. *Morris,* 286 N. Y. 266). If the subpœna duces tecum issued under and pursuant to section 119 of the Workmen's Compensation Law is objected to, the procedure is to move, in the appropriate court, for an order vacating it; or, if the subpœna be disobeyed, to move to punish for contempt under section 406 of the Civil Practice Act (cf. *Matter of State Education System [Teachers Union],* 285 N. Y. 1, 10; 4 Carmody on New York Pleading and Practice, § 1224). An additional sanction should be mentioned, viz., the issuance of a warrant by a judge of a court of record to the sheriff commanding him to produce the defaulting witness with the papers subpœnaed (Civ. Prac. Act, § 406, subd. 2; *People ex rel. Hastings* v. *Hofstadter,* 258 N. Y. 425, 434, 436).

We are obliged to rule in these general terms because the papers before us fail to show the nature of the injury claimed before the Workmen's Compensation Board or the competency of the claimant to act on his own behalf. In view of the foregoing, the order below should be reversed, with $20 costs and disbursements to the appellants, but without prejudice to proceeding in the manner outlined in this opinion.

GLENNON, J. P., COHN, CALLAHAN and VAN VOORHIS, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants but without prejudice to proceeding in the manner outlined in the opinion. Settle order on notice.