In the Matter of JOSEPH GREENBERG, as Administrator of the Estate of LILLIAN R. GREENBERG, Deceased, Petitioner, against CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, Kings County, April 22, 1949.

*Arthur Block* for administrator, petitioner.

*John P. McGrath, Corporation Counsel* (*Helen C. Corbett* of counsel), for respondent.

Nova, J.    Application is made by plaintiff as an administrator of a deceased person to examine the City of New York by the director of the psychiatry division of one of its hospitals, for the purpose of framing a complaint in a negligence action not yet commenced.    The moving affidavit recites generally that the deceased's death while a patient in the observation ward of the Kings County Hospital on May 17, 1948, was occasioned by failure and negligence of the City of New York to provide necessary care and supervision, as a result of which she received traumatic injuries.    Upon consent of the petitioner, who is the husband as well as the personal representative of the deceased, an autopsy was held, but the hospital authorities have declined to acquaint him with the findings thereof.

The application is opposed by the city on the ground that it is apparent that petitioner has sufficient information to frame a complaint and that the reason why petitioner has not been furnished with information which he seeks from the records of the hospital, including the autopsy examination, is that it is privileged and confidential, pursuant to section 20 and subdivision 9 of section 34 of the Mental Hygiene Law.

In my opinion such provisions of the Mental Hygiene Law are not controlling herein for the reason stated in *Matter of Maryland Cas. Co.* (*City of New York*), (274 App. Div. 211).

Cases cited in support of such opposition are not in point.

To deny petitioner access to the information which he seeks would be to pervert rather than to support the underlying purpose of the privilege provisions imposed by statute, designed as they are for the protection of the patient, not as a weapon against him, or, in proper case, those who represent him.    Such

fundamental purpose is clearly recognized, in fact, in two of the very cases cited in opposition.

On the other hand, the application herein made finds support in *Hoyt* v. *Cornwall Hosp.* (169 Misc. 361), decided by me in August, 1938.

Motion granted.  Settle order on notice.