OPINION OF THE COURT
Walter M. Schackman, J.
The defendant is charged with the forcible rape of an eight-year-old girl. The People maintain that subsequent to the alleged crime, the complainant was treated for gonorrhea at a clinic operated by the New York City Department of Health. Immediately prior to jury selection, three subpoenas duces tecum, addressed to a representative of the clinic, were issued by the prosecutor and signed by this court. The subpoenas directed the production of all medical records prepared by the clinic concerning the complainant.
*855 The Department of Health now moves to quash these subpoenas. The department relies on subdivision (a) of section 11.07 of the New York City Health Code. All parties agree that this regulation has the effect of law (NY City Charter, ch 22, § 558, subd [a]; NY Const, art IX, § 2, subd [c], par [10]).
Subdivision (a) mandates: "Reports and records of cases of venereal disease, non-gonococcal urethritis, or narcotics addiction, and records of clinical or laboratory examinations for any of such diseases shall not be subject to subpoena or to inspection by persons other than authorized personnel of the Department.” The medical records presently under subpoena clearly fall within the regulation’s purview. Moreover, a reading of subdivision (b) of section 11.07, which pertains to diseases "other than venereal disease, non-gonococcal urethritis and narcotics addiction”, compels the conclusion that subdivision (a) neither envisions nor permits a consensual waiver of its ban by the complainant. Subdivision (b) specifically allows an individual to waive the bar on inspection of his or her own records. Subdivision (a) does not. In addition, subdivision (b) provides that records of "other diseases” are subject to subpoena, limited of course by the protections of the physician-patient privilege. Subdivision (a) prohibits all subpoenas.
The court is confronted with a regulatory scheme which is clear on its face. The court cannot, consonant with the rules of statutory construction, read a consensual waiver exception into the language of subdivision (a) so as to allow the complainant to obtain her own medical records. (McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 97, 240.) The intent of the regulation is clear. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 76.)
The above conclusion, however, does not end the court’s inquiry. A serious question emerges as to whether subdivision (a) of section 11.07, as applied to the facts of this case, can be allowed to stand.
There is no dispute as to the public policy behind this regulation. Persons with venereal disease must be encouraged to come forward and submit to examination and treatment. A guarantee of nondisclosure undoubtedly facilitates this policy. (McGowan v Metropolitan Life Ins. Co., 234 App Div 366, 367.) However, the District Attorney contends that this policy is not jeopardized by the present subpoenas. He notes that the eight-year-old complainant, through her legal representative, has *856 voluntarily and intelligently chosen to waive the cloak of nondivulgence.
The court agrees that no conceivable damage will be inflicted on the policy underlying this regulation if the District Attorney is allowed to examine the complainant’s medical records. It is highly doubtful that other persons with venereal disease will be discouraged from coming forward for treatment. Yet, this observation, in and of itself, would not provide a sufficient basis for upsetting the policy determination inherent in subdivision (a). The court cannot simply substitute its own opinions on matters of policy for those of the authorities having proper jurisdiction. (Matter of Bakers Mut. Ins. Co. of N. Y. [Dept. of Health of City of N. Y.], 301 NY 21, 27-28.)
Nevertheless, other fundamental policy interests are involved in this case. The complainant alleges that she has been raped. She accuses the defendant. There can be no doubt that she is entitled to file charges, and if the evidence is sufficient, have the defendant prosecuted. This "right”, while not specifically codified, is implicit in our entire criminal justice system. The apprehension and prosecution of persons who commit criminal acts is a vitally significant societal goal. The prosecutor must not be prevented from obtaining evidence when no other social interest is threatened by the process. The court believes that the application of subdivision (a)’s ban to the facts of this case would result in a violation of this policy.
The ruling of the First Department in McGowan v Metropolitan Life Ins. Co. (supra) does not require a contrary result. In McGowan, suit was brought by the beneficiary of a life insurance policy. The defendant insurance company issued a subpoena duces tecum addressed to the Department of Health. The subpoena ordered the records of the department’s clinics concerning the treatment of the deceased for a communicable disease. The subpoena was quashed.
Clearly, disclosure in McGowan would have violated the policy behind the department’s rule. Two factors distinguish the present case from McGowan. First, an adverse party did not issue the subpoena here. The complainant, in essence, has subpoenaed her own records. She has waived subdivision (a)’s ban. Hence, the policy behind the regulation is not in jeopardy. Second, the records are under subpoena by the prosecution in a criminal case for possible use as evidence. Fundamental public policy demands their production.
Accordingly, subdivision (a) of section 11.07 of the New York *857 City Health Code, as applied to the facts of this case, is held to be null and void as against public policy.