OPINION OF THE COURT
Guy Gilbert Ribaudo, J.
Motions numbered 33 and 116 of October 29, 1979 are consolidated for disposition.
Plaintiff moves for a protective order pursuant to CPLR *434 3103 (subd [a]) vacating defendant’s notice to take oral deposition and to strike defendant’s second set of interrogatories. Motion is denied.
Defendant cross-moves for an order pursuant to CPLR 3103 directing plaintiff to produce defendant’s clinical records for inspection, consolidating the within actions pursuant to CPLR 602 (subd [a]) and to reply to the interrogatories. This motion is granted in toto. The issue is one of first impression before the court. Diligent research by court and counsel have not disclosed reported cases dealing directly with this issue.
BACKGROUND
Defendant had been hospitalized at plaintiff’s hospital on at least three occasions for psychiatric reasons. Plaintiff hospital, owned and operated by the New York City Health and Hospitals Corporation, commenced three separate actions against the defendant to collect for hospital and medical services rendered to defendant in July, 1977, September, 1977 and March, 1978 at the rate of $220 per day. Defendant has appeared and answered in each action and has set forth to each action, an affirmative defense that the amount alleged in the complaint for hospitalization and treatment was not the fair or reasonable value of the services rendered.
Plaintiff, in support of his motion for a protective order, states that the substantive issues of this case to be concerned with are whether the defendant requested the hospital services sued for, whether they were rendered and whether the charges were fair and reasonable.
The opposing affidavit states that defendant has no specific independent recollection concerning the actual dates of hospitalization, names of doctors she was treated by, medicines prescribed and whether she agreed in writing or otherwise to a course of treatment or to pay for any treatment and hospitalization.
Defendant’s second set of interrogatories addresses itself to the issue of care rendered specifically to the defendant at the cost of $220 per day and to the disaccreditation of the plaintiff hospital’s adult psychiatric services during the period of defendant’s confinement. The sole issue before the court for determination is whether the production of plaintiff’s clinical records and information with respect to the disaccreditation of the plaintiff hospital are the proper subjects for discovery and *435 inspection pursuant to CPLR 3101 (subd [a]). The court responds in the affirmative. A prior court order is not necessary.
DISCUSSION
The level of fair and reasonable cost of hospitalization and treatment is a consequence of the type of care and treatment agreed to be delivered and what is actually delivered. In the court’s opinion, the disaccreditation of plaintiff hospital’s adult psychiatric services is relevant and material to the defense of the instant action. It has recently been reported that during the time of the defendant’s hospitalization, the adult psychiatric services at plaintiff’s hospital were disaccredited by the Joint Commission on the Accreditation of Hospitals because of overcrowding and inadequate patient care. (Psychiatric Care at Kings County is Discredited, New York Times, Aug. 21, 1979, section B, p 4.) These same services were disaccredited by the commission in 1977. However, the hospital won back its accreditation six months later. Patients admitted to plaintiff hospital for psychiatric care and treatment are entitled to skilled care and proper medical evaluation by an accredited hospital. Defendant is certainly entitled to know the basis for such disaccreditation.
Plaintiff contends that defendant’s request for information pertaining to plaintiff and the Joint Commission on Accreditation of Hospitals is completely outside the scope of the issues herein. Plaintiff therefore concludes that defendant is attempting to explore an issue which is neither relevant nor proper to these actions. The court respectfully disagrees with plaintiffs conclusion. What could be more important and material than ascertaining whether plaintiff hospital was disaccredited during defendant’s confinement at the hospital, and equally important, what services, if any, were provided the defendant.
CPLR 3101 requires full disclosure of all evidence, material and necessary, in the prosecution or defense of an action. Clinical records contain information on all matters relating to admission, care and treatment of the patient. Clinical records are unquestionably material and relevant to an action which seeks recovery for the fair and reasonable cost for hospitalization and treatment. The only source of information which can properly advise the defendant of the care and treatment accorded her while a patient at plaintiffs hospital are her clinical records. (Matter of Glazer v Department of Hosps. of *436 City of N. Y., 2 Misc 2d 207.) Disclosure is not a one-way street and surely the Legislature did not intend to favor one class of litigants over another.
Plaintiffs reliance upon section 33.13 (formerly section 15.13) of the Mental Hygiene Law is misplaced. Section 33.13 provides that a patient’s clinical record at a State facility "shall not be a public record and shall not be released by the department or its facilities * * * except * * * pursuant to an order of a court of record.” This section clearly applies to State institutions and not to city hospitals which are owned by the New York City Health and Hospitals Corporation. (Matter of Maryland Cas. Co [City of New York], 274 App Div 211; Matter of Greenberg v City of New York, 196 Misc 809.)
Once the plaintiff hospital commenced its lawsuit against a former patient, it should not be permitted to claim that the defendant’s medical records are irrelevant and immaterial to the action. To claim that defendant should not have access to her records gives the plaintiff not only a sword, but a shield in the prosecution of a lawsuit. When payment for psychiatric services is demanded, a former patient clearly has the right under the foregoing set of facts to review her medical records and determine precisely what services she allegedly received at a charge of $220 per day.
CONCLUSION
Accordingly, defendant’s cross motion is granted to the following extent: (1) plaintiff is directed to produce for oral deposition, some person on its staff with knowledge of the operation of the adult psychiatric services at the time of the defendant’s hospitalization; (2) plaintiff is directed to make available for inspection, a legible copy of defendant’s entire clinical records; and (3) plaintiff is directed to respond to defendant’s interrogatories (second set) within 20 days after service of a copy of this order with notice of entry thereon with the exception of item numbered 8. That portion of defendant’s motion which seeks consolidation of these actions pursuant to CPLR 602 (subd [a]) is granted. The three proceedings are consolidated under Index No. 154794/78. The defendant shall serve a copy of this order directing the clerk of the court to transfer the actions bearing Index Nos. 157154/78 and 122455/79 with the action bearing Index No. 154794/78 thereby consolidating the three actions. Plaintiffs cross mo *437 tian for a protective order under CPLR 3103 (subd [a]) is denied.