OPINION OF THE COURT
Per Curiam.
The confidentiality provided by Public Health Law § 2306 for information regarding sexually transmissible diseases is not defeated simply by consent of the source to release the information.
The subpoena in question directed appellant, Commissioner of the Albany County Department of Health, to produce for the Grand Jury all records held by the Bureau of Sexually Transmissible Diseases concerning Tamara B., a 16 year old who had several months earlier been interviewed by the Bureau *245 regarding certain sexual contacts.[1] Appellant moved to quash the subpoena on the basis of Public Health Law § 2306, which provides: “All reports or information secured by a board of health or health officer under the provisions of this article shall be confidential except in so far as is necessary to carry out the purposes of this article.” In opposition, respondent contended first, that there was a possibility of a crime under Penal Law § 130.00; second, that the information was needed by respondent “to refresh [Tamara’s] recollection, because her recollection as to what was said in February is not one hundred percent”; and third, that she had signed a “Medical Authorization” form permitting any person who had attended or examined her to furnish the District Attorney with records regarding her condition or treatment. No issue is raised as to Tamara’s competence to waive her right to confidentiality, or the scope of the waiver. The court denied the motion to quash, but limited the subpoena to direct interviews with Tamara or notes of interviews with her. The Appellate Division affirmed, reasoning that the benefit of the confidentiality created by Public Health Law § 2306 belongs to the disease sufferer, who in this case waived the benefit. We now reverse.
Article 23 of the Public Health Law (“Control of Sexually Transmissible Diseases”) was enacted for the protection of the public. To promote the detection and eradication of sexually communicable diseases, the statute requires certain examinations, provides for isolation and treatment, and includes criminal penalties (Public Health Law §§ 2307, 2309). The requirement of confidentiality (Public Health Law § 2306)[2] is integral to a statutory scheme designed to encourage afflicted persons to seek and secure treatment, which in the case of communicable disease serves individual interests as well as those of society.
We disagree with the observation of the court below that the benefit of the statutory provision for confidentiality is limited to the disease sufferer, and may simply be waived by her. In situations where public disclosures are embarrassing, the assurance of secrecy offered by the Board of Health not only encourages an individual disease sufferer to come forward for treat *246 ment but also fosters a public perception that necessarily results in a greater willingness of others to cooperate. We therefore conclude that, in view of the public interest that the program have the appearance of inviolable trust, an individual’s consent to release of records will not in every case be sufficient to override the statutory confidentiality (see, e.g., McGowan v Metropolitan Life Ins. Co., 234 App Div 366, appeal dismissed 259 NY 454).
In support of releasing the records, respondent points both to the requirement of CPLR 4504 (b) that a physician disclose information indicating that a patient under the age of 16 has been the victim of a crime, and to a legitimate public interest in the prosecution of crime. CPLR 4504 (b) is directed to the physician-patient privilege, which was not invoked in this case. Indeed, such a contention would not even find factual support in the record. Respondent, in support of his second argument, has made an inadequate showing that the identity of Tamara’s contacts could not have been procured by less intrusive means. At least on this record, there is no basis for overriding the confidentiality which the Legislature has provided by section 2306 of the Public Health Law.
Accordingly, the order of the Appellate Division should be reversed, with costs, and appellant’s motion to quash the subpoena granted.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur in Per Curiam opinion; Judge Titone taking no part.
Order reversed, etc.

. While the Grand Jury has been disbanded, we exercise our discretion not to dismiss this appeal for mootness because of the public importance of the issue, its potential for evading review, and the likelihood of its recurrence (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715).

. The statute originally provided for absolute confidentiality (see, L 1918, ch 264, § 1 [adding Public Health Law § 343-r]). Deletion of the word “absolutely,” however, reflected no substantive change (see, L 1953, ch 879; State Health Department Memorandum, 1953 NY Legis Ann, at 201-202).