In re GATES.   (No. 161–70.)

(Supreme Court, Appellate Division, Third Department.   July 1, 1915.)

1. WITNESSES ⬥208—PHYSICIANS—PRIVILEGE OF PATIENT.
    Under Code Civ. Proc. § 834, providing that a physician shall not be allowed to disclose any information acquired tending a patient, upon an inquisition of lunacy the admission of testimony of defendant's personal physician, whom a third person had engaged to examine defendant to testify against him, was erroneous.
    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 768–770, 777; Dec. Dig. ⬥208.]

2. EVIDENCE ⬥550—OPINION—NECESSITY FOR HYPOTHETICAL QUESTION.
    Where, on an inquisition of lunacy, a physician was giving opinion evidence as to the competency of the defendant, it was error to permit an answer basing such opinion in part on the witness' understanding of the evidence given by the petitioner's witnesses in court, but the proper mode for the witness to state his opinion, based on such facts, would have been to have answered a hypothetical question in which they were incorporated.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2366, 2367; Dec. Dig. ⬥550.]

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, Columbia County.

Nelson S. Gates, an alleged incompetent, appeals from an order affirming the findings of an inquisition de lunatico inquirendo, and other orders. Reversed, and new hearing granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Ransom H. Gillet, of Albany, for appellant.

Ralph M. Cooper, of East Nassau (L. Royce Tilden, of Hudson, of counsel), for respondent.

PER CURIAM. [1] It was error to permit the defendant's personal physician to testify as to the competency of his patient. Clearly it was indelicate for a physician in attendance upon a patient to permit himself to be hired by another and go and make an examination of the patient for the purpose of testifying against him. In our judgment it was not only indelicate, but in violation of the privilege given to the patient under section 834, Code Civ. Proc.

[2] It was also error to permit a physician, in forming his opinion as to the competency of the appellant, to base it in part upon his understanding and recollection of the evidence given by the petitioner's witnesses in court. If the petitioner wished to avail himself of anything brought out by the examination, the alleged fact should have been incorporated in a hypothetical question. The doctor, by the question put to him, was called upon to form a conclusion as to what the evidence had established. If the case was free from doubt upon the facts, it would not be necessary to reverse the inquisition for these errors; but under all the circumstances we feel that justice will be promoted by a new hearing where the facts may be more fully shown.

We conclude, therefore, that the inquisition and order are not fairly sustained by the evidence, and in the interest of justice they are set aside, and a new hearing granted, without costs.

Order appealed from reversed, and inquisition set aside.