Edgar J. Nathan, Jr., J.
Petitioner moves for the appointment of a commission to inquire into the alleged ineompeteney of respondent and for the appointment of a committee of her person and property. Bespondent moves for a dismissal of the *764 petition upon the grounds that the petition and accompanying affidavits are insufficient as a matter of law to raise a presumption of incompetency.
The moving papers consist of a petition by respondent’s son setting forth the facts upon which the allegations of incompetency are based, and supporting affidavits by respondent’s daughter and family physician. A reply affidavit of the petitioner has also been submitted. The respondent has submitted answering affidavits of the respondent and others, including as well, a report of a psychiatrist. There has also been submitted an interim report and a second interim report of the special guardian, attached to which is the report of the psychiatrists appointed by the court.
The respondent contends that the court is not empowered to consider in arriving at its decision psychiatric reports, nor the affidavit of respondent’s family physician as it contains privileged information. The respondent further contends that the remainder of the moving papers do not raise a presumption of incompetency within the purview of section 1364 of the Civil Practice Act. These objections will be considered separately.
The court cannot accept respondent’s contention that the use of psychiatric reports is improper. Eespondent urges that the court may not consider anything other than the petition and the affidavits accompanying it. Article 81 of the Civil Practice Act imposes no such limitation upon the court (see Matter of Burke, 125 App. Div. 889). The court recognizes that the appointment of a commission to inquire into alleged incompetency is a serious matter that will gravely affect a respondent’s reputation and even her constitutional rights to the free use of her property, regardless of the ultimate disposition. It is for this very reason that the use of competent and expert medical testimony based upon actual observation of the respondent is not only proper, but highly desirable, if not essential as an aid to the court.
With respect to the use of the affidavit of her former family physican, respondent urges that it may not be considered since to do so would violate section 352 of the Civil Practice Act. The few cases in this State which have considered the application of section 352 of the Civil Practice Act to proceedings of this type are in conflict (see Matter of Gates, 170 App. Div. 921 [3d Dept.] which excludes such medical testimony, and Matter of Benson, 16 N. Y. S. 111 [Monroe County Ct.], which holds the physician-patient privilege inapplicable to incompetency proceedings). The court feels the better view is found in *765 Matter of Benson (supra) and that section 352 is not applicable to this type of proceeding (see 133 A. L. R. 732, 737). Furthermore, from a reading of the affidavit it may well be that his conclusion is not based on facts and information received from the patient during the course of and necessary to the treatment so as to bring it within the privilege imposed by section 352 of the Civil Practice Act. The court is of the opinion that the affidavit of respondent’s family physician may be considered.
Indeed, even without considering either this affidavit or the psychiatric reports, the court finds the petition and the accompanying documents sufficient to raise a presumption of incompetency. It should be noted that there is no requirement that the petitioner submit medical proof (see Rules Civ. Prac., rule 287).
The report of the two impartial psychiatrists who were appointed by the court finding the respondent incompetent standing alone raises such presumption despite the finding of the respondent’s psychiatrist to the contrary.
Certainly, all the documents submitted on this application clearly establish the presumption of incompetency and compel a decision granting the motion. Accordingly, the petition is granted.