Hyman Korn, J.
This is an application by petitioner for an order pursuant to CPLR 2304 modifying a subpoena duces tecum served by respondent Attorney-General. The subpoena was issued by respondent pursuant to subdivision 12 of section 63 of the Executive Law and purportedly relates to an investigation being conducted regarding the business activities conducted by petitioner in New York State.
Petitioner seeks to quash items 1 and 2 of the subpoena upon the ground that the production of the documents and records demanded would disclose confidential information relating to the diagnosis and treatment of patients. Petitioner argues that such information is privileged under CPLR 4504 (subd. [a]).
Petitioner also seeks to modify items 3 and 4 of the subpoena to the extent of conditioning said demands so that the information supplied thereunder will not destroy the hospital-patient and doctor-patient privilege.
*725 Under item 1 the Attorney-General requests the names and addresses of all patients referred by Abortion Information Agency. Item 2 seeks disclosure as to the duration of stay of such patients, the type of operation performed and the name and address of the performing physician.
Items 1 and 2 except as to that portion relating to the type of operation performed constitute a proper demand and a valid exercise of the power vested in the Attorney-General under subdivision 12 of section 63 of the Executive Law. That section provides in part ‘‘ Whenever any person shall engage in repeated fraudulent or illegal acts * * * in the carrying on, conducting or transaction of business, the attorney-general may apply * * * for an order enjoining the continuance of such business activity ’ In this connection the statute authorizes the Attorney-General to take proof and to issue subpoenas requiring the person involved to attend and produce books as provided in CPLR 2302 (see Dunham v. Ottinger, 243 N. Y. 423). No question is raised here that the information sought is not relevant to the inquiry undertaken by the Attorney-General. As to the petitioner’s claim of privilege, the data demanded, except as to the type of abortion operation performed, does not violate the confidential information privilege afforded by CPLR 4504.
The nature of the privilege has never been extended to prohibit the disclosure of information not acquired in a professional activity. (See Matter of Lee Mem. Hosp., 115 F. Supp. 643.) Thus ‘ ‘ incidents and facts as are plain to the observation of anyone without expert or professional knowledge ’ ’ are not prohibited from disclosure (Klein v. Prudential Ins. Co., 221 N. Y. 449, 453). Also in Lorde v. Guardian Life Ins. Co. (252 App. Div. 646) the court held that interrogations submitted to a hospital to elicit the names of treating physicians and the duration of confinement at a hospital were proper. However, information relating to the type of abortion operation performed is privileged and should not be subject to disclosure at this time because such was acquired by a physician in attending a patient in his professional capacity which includes nature of treatment rendered. This protection is equally afforded to a demand for hospital records for the purpose of establishing the course of treatment prescribed by attending physician (Lorde v. Guardian Life Ins. Co., supra).
Item 3 which demands disclosure of the hospital, doctor and fees charged for each patient referred by the Abortion Information Agency and item 4 which calls for the production of information relating to patients seeking abortions not referred *726 by a commercial agency do not come within the protection of the privilege as set forth in CPLB 4504. However, that portion of item 4 which seeks information as to the type of abortion operation performed should not be disclosed at this time without a more specific showing that the benefits which may be afforded by such disclosure outweigh the necessity for the continuance of the privilege against disclosure of such confidential information.
In the main petitioner seeks that conditions be imposed upon the release of this information so that the names of patients and the like will be kept confidential. However, the court -feels assured that the Attorney-General will not release or make any public disclosure of the names of patients who have obtained abortions except as to such disclosure as may be necessary in the continued investigation of this matter or the prosecution, if any, of any action arising out of the subject investigation.
Accordingly application is granted to the extent provided herein and otherwise denied.
The examination shall proceed at the office of the Attorney-General at the address specified in the subpoena served on January 27,1971 at 10:00 a.m.