Samuel A. Spiegel, J.
This is an application to quash or modify a subpoena duces tecum issued by the Attorney-General of the State of New York.
The subpoenaed witness is a duly licensed physician of the State of New York. He challenges the subpoena as calling for an unlawful disclosure of confidential matter acquired while attending patients in a professional capacity. He contends that to compel him to disclose the names and addresses of his patients would, ipso facto, disclose that the patient had an abortion and would be in contravention of the statute (CPLR 4504, subd. [a]).
The Attorney-General is conducting an investigation of a group of four related business corporations. They are Fifth Avenue Women’s Pavilion, Inc., Madison Avenue Women’s Pavilion, Inc., Women’s Pavilion, Inc., and New York Women’s Pavilion, Inc., all located at the same address. Said1 ‘ -Pavilion ’ ’ corporations are private abortion referral agencies engaged in the business of commercial intermediaries or brokers between patient and doctor and patient and hospital in connection with abortion services. There is a close relationship between the petitioner and the “ Pavilion ” corporations.
It appears that petitioner, a part owner and chief gynecologist of Madison Avenue Hospital, was involved in the setting up of these referral corporations. He appears to be a major stockholder of two corporations, Madison Avenue Women’s Pavilion, Inc., and Fifth Avenue Women’s Pavilion, Inc., which, including the other corporations have referred patients to Madison Avenue Hospital.
He is a paid consultant to Madison Avenue Women’s Pavilion, Inc. He derives substantial income from referrals requiring his professional services.
The Attorney-General seeks information from the subpoenaed witness in connection with an investigation into the business activities within the State of New York of the four “ Pavilion ” corporations. Such inquiry is necessary to determine whether the facts warrant institution of judicial dissolution under article 11 of the Business Corporation Law or action under subdivision 12 of section 63 of the Executive Law where fraud and illegal business activity may exist causing harm to the public.
*723 The Attorney-General believes that the “Pavilion” corporations may well be engaged in either ultra vires acts and illegal conduct, including but not limited to fee-splitting arrangements, public solicitation of patients, practice of medicine without a license, and charging unconscionable referral fees. He has the statutory power by appropriate injunctive action to restrain the continuance of fraudulent or illegal business activity. He has the mandatory duty to perform it and thus protect the consumer public of this State.
The issuance of process herein is required to obtain material and relevant information bearing on the subject matter of the investigation and it is reasonable in scope.
He has been given the power to secure information from a person whom he has reason to believe is violating the statute or engaging in fraudulent and illegal activity, or a witness thereto, by means of subpoenaing this witness and records which will enable him to determine whether there is a basis for further proceedings by him.
The court perceives no basis in law for quashing or modifying the subpoena. A similar subpoena was sustained (Matter of Montwill Corp. v. Lefkowitz, 66 Misc 2d 724). The Attorney-General’s investigation is for the purpose of uncovering any wrongdoing of the abortion referral agencies in New York. To deny the Attorney-General the right to obtain the necessary information would frustrate his investigations.
The subpoena also calls for names and addresses of clients. They are not confidential matters (see Matter of Lee Mem. Hosp., 115 F. Supp. 643, affd. 209 F. 2d 122 ; Lorde v. Guardian Life Ins. Co., 252 App. Div. 646 ; Klein v. Prudential Ins. Co., 221 N. Y. 449, 453). The subpoena duces tecum does not call for diagnosis or treatment dates.
It cannot be presumed that the Attorney-General will make unnecessary public disclosures of the names of patients who have obtained abortions. The court has every confidence that the Attorney-General will prevent unnecessary disclosures.
The Attorney-General has made an adequate demonstration that the records and books he seeks bear a reasonable relation to the subject matter under investigation and to the public purposes to be achieved and are not violative of any statute.
The application is denied. The petitioner shall comply with the subpoena served and shall appear for examination and produce the records called for upon five days’ written notice by the Attorney-General.
The cross motion to vacate the ex parte order temporarily sealing the file pending the hearing of this motion is granted.
*724 There is nothing in this motion which should be kept secret nor its disclosure enjoined by statute or rule. No warrant exists for sealing the file (Matter of Werfel v. Fitzgerald, 23 A D 2d 306).