In the Matter of HAROLD SCHULMAN et al., Respondents, *v.* NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Appellants.

First Department, May 28, 1974.

*Ellen Kramer Sawyer* of counsel (*Milton H. Harris* with her on the brief; *Adrian P. Burke, Corporation Counsel*), for appellants.

*H. Miles Jaffe* of counsel (*Norwick, Raggio & Jaffe,* attorneys), for respondents.

MURPHY, J. This is the second appeal in an article 78 proceeding brought to annul the New York City Health Code requirement that a termination of pregnancy certificate disclose the name and address of the patient. On the first appeal (41 A D

2d 714) we remanded the case to Special Term for reconsideration in light of the Supreme Court decisions in *Roe* v. *Wade* (410 U. S. 113) and *Doe* v. *Bolton* (410 U. S. 179). After reconsideration, Special Term reaffirmed its prior decision and struck the requirement.

The essential facts are not in dispute. Petitioner Schulman is a duly licensed gynecologist and director of obstetrics at the Bronx Municipal Hospital Center. Petitioner " Jane Doe " is a patient on whom he performed an abortion. Dr. Schulman was instructed by his patient not to file a pregnancy termination certificate which included her name and address; and no such certificate has been filed. The Bronx Muncipal Hospital Center is administered by respondent New York City Health and Hospitals Corporation and is subject to the rules and regulations of the New York City Board of Health.

After enactment of the abortion " liberalization " amendment (L. 1970, ch. 127), the Board of Health, pursuant to the broad authority vested in it by section 1706 of the New York City Charter, section 567–1.0 of the New York City Administrative Code and article 41 of the Public Health Law, adopted article 204 of the Health Code to provide for the reporting of pregnancy terminations (as distinguished from " fetal deaths " and " human deaths " covered by articles 203 and 205, respectively). It was apparently enacted expressly to safeguard the privacy and sensitivity of women who choose to undergo a justifiable abortional act under the revised statute. (Penal Law, § 125.05, subd. 3.) A " termination of pregnancy " rather than a " fetal death " certificate is provided for and greater confidentiality is accorded the former. Subsequent to our remand, the board amended article 204 to provide even further safeguards of the confidentiality of abortion records and it now provides that " [t]he certificate of termination of pregnancy shall not be subject to subpoena or to inspection by persons other than the Commissioner or authorized personnel of the Department." (N. Y. C. Health Code, § 204.07.)

Petitioners argue, and Special Term held, that the disclosure requirement on the termination of pregnancy certificate is arbitrary and an abuse of discretion, violates the physician-patient privilege, serves no compelling State interest, and constitutes an unlawful invasion of a woman's right to privacy. We disagree.

The New York City Charter (§ 1706, subd. 3) and the New York City Health Code (§ 204.05 [b]) authorize the Board of Health to prescribe the form of certificate to be filed. The

authority of the board to adopt administrative regulations, legislative in nature, which have a rational basis is now beyond dispute. (*Grossman* v. *Baumgartner,* 17 N Y 2d 345; *Matter of Bakers Mut. Ins. Co.* [*Dept. of Health*], 301 N. Y. 21; *People* v. *Blanchard,* 288 N. Y. 145.)

Petitioners urge, nevertheless, that the name and address requirement breaches the physician-patient privilege. (CPLR 4504.) Such privilege did not exist at common law, and is solely a creature of statute. (*Matter of Warrington* [*State of New York*], 303 N. Y. 129.) Aside from certain statutorily imposed limitations upon the privilege (for example, requiring the reporting of: information necessary for identification of a patient and information indicating that a patient under sixteen years has been a crime victim (CPLR 4504, subd. [b]); patients with communicable diseases to local health officers (Public Health Law, § 2101; City Health Code, § 11.03); patients with cancer and malignant diseases to local health officers (Public Health Law, § 2401); drug addicts to the State Department of Health (Public Health Law, §§ 3372, 3373); treatment of gunshot or knife wounds to local police officers (Penal Law, § 265.25); and cases of child abuse (Family Ct. Act, § 1038), case law has held the privilege inapplicable to incompetency proceedings (*Matter of Allen* [*Mauceli*], 24 Misc 2d 763; but cf. *Matter of Gates,* 170 App. Div. 921) and litigation involving the welfare of children (*People ex rel. Chitty* v. *Fitzgerald,* 40 Misc 2d 966). In short, "despite the sacrosanct nature of the statutory prohibition", it may be waived or suspended for certain purposes, even if not for all purposes. (*Matter of Investigation, etc., County of Kings,* 286 App. Div. 270, 273, mot for lv. to app. den. 309 N. Y. 1031.)

Moreover, the impression sought to be created by petitioners that the identity of an abortion patient is never revealed to anyone other than her physician, and would not be disclosed were it not for the entry in suit, is erroneous. Such information is disclosed to the hospital on entry and to insurance carriers for reimbursement claims. The privilege does not bar the Attorney-General from obtaining the names and addresses of abortion patients in his investigation of fraud and illegal activities of private clinics (see *Matter of Weitzner* v. *Lefkowitz,* 66 Misc 2d 721; *Matter of Montwill Corp.* v. *Lefkowitz,* 66 Misc 2d 724) or the Department of Health from itself obtaining the hospital records (see article 42 of the Health Code). Finally, the revised confidentiality provision of the Health Code would fully protect the privacy of the abortion patient from improper disclosure,

(Cf. *People* v. *Newman*, 32 N Y 2d 379; *Matter of Bakers Mut. Ins. Co.* [*Dept. of Health*], 301 N. Y. 21, *supra*; *McGowan* v. *Metropolitan Life Ins. Co.*, 141 Misc. 834, affd. 234 App. Div. 366, app. dsmd. 259 N. Y. 454.)

However, petitioners' main objection to the required disclosure seems directed to the consolidation of the information in a central filing registry, which they contend is a violation of an individual's constitutional right of privacy, as evidenced by the holdings in *Griswold* v. *Connecticut* (381 U. S. 479), *Eisenstadt* v. *Baird* (405 U. S. 438) and the *Roe* (410 U. S. 113, *supra*) and *Doe* (410 U. S. 179, *supra*) cases. But, as Judge (now Presiding Justice) McGIVERN indicated in his dissent on the prior appeal (41 A D 2d 714-715), and the Supreme Court itself held in *Roe* v. *Wade* (*supra*, p. 154), the right of privacy which covers the abortion decision is not absolute and may be limited by compelling State interests.

Since the passage of New York State's liberal abortion reform in 1970, New York City has been conducting, in essence, a pilot program involving over 500,000 legal abortion procedures a year, including many for women from States with more restrictive abortion statutes. The decision in *Roe* v. *Wade* (*supra*) relied, *inter alia*, on medical data obtained from studies in New York City which indicated the relative safety of abortions performed under medical procedures prescribed and regulated by the Board of Health and auxiliary agencies. (410 U. S., at p. 149, n. 44.)

Two physicians who specialize in the field of public health and were closely involved with New York City's pilot program submitted opposing affidavits below. Among the persuasive reasons advanced by them for inclusion of the woman's name and address on a termination of pregnancy certificate are: to allow follow-up where complications or coma ensues; to enable public health authorities to determine whether improper or unorthodox procedures were used in an out-patient facility and whether further investigation or regulation is required; to provide statistical information, presently unavailable, as to the effect of multiple abortions on the same woman and any other adverse effects that may occur due to abortion; to offer public health counseling on adequate preventive family planning measures as an alternative measure to repeated abortions as a means of birth control; and to insure that women who test positive for an Rh negative factor, venereal disease, sickle cell anemia and other factors which may affect the health of future children receive proper counseling and treatment. It is

extremely unlikely that any of this statistical information on the effects of various factors on abortion patients would be available to the physician servicing a private patient or any one of the several physicians who customarily attend the indigent abortion seeker.

In sum, on the record before us we find a sufficient compelling State interest shown to justify limiting the fundamental right of privacy asserted; and that the disclosure requirement, coupled with the confidentiality accorded such information, has been '' narrowly drawn to express only the legitimate State interests at stake.'' (*Roe* v. *Wade, supra,* p. 155.)

While there may be limits beyond which a government may not constitutionally go in requiring the maintenance of records, we find a sufficient nexus between the activity sought to be regulated and the public interest to conclude that such limit has not been exceeded in this case. (Cf. *California Bankers Assn.* v. *Shultz,* 416 U. S. 21; *Shapiro* v. *United States,* 335 U. S. 1.)

Accordingly, the order of Supreme Court, New York County (SPIEGEL, J.), entered on or about October 3, 1973, denying respondents' motion for renewal, should be reversed, on the law, the motion granted and upon such renewal the order and judgment (one paper) of said court entered August 7, 1973, should be reversed, on the law, and judgment entered declaring that respondents' requirement that the termination of pregnancy certificate, filed pursuant to article 204 of the New York City Health Code, include the name and address of the patient is valid; and, except for the declaration in respondents' favor as above indicated, the petition should be otherwise denied, without costs or disbursements.

MARKEWICH, J. P., LUPIANO and STEUER, JJ., concur.

Order, Supreme Court, New York County, entered on or about October 3, 1973, unanimously reversed, on the law, without costs and without disbursements, the motion for renewal granted and, upon such renewal, the order and judgment (one paper), entered on August 7, 1973, is unanimously reversed, on the law, without costs and without disbursements, and vacated, and judgment directed declaring that respondents' requirement that the termination of pregnancy certificate, filed pursuant to article 204 of the New York City Health Code, include the name and address of the patient is valid; and, except for the declaration in respondents' favor as above indicated, the petition is otherwise denied.