THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES HICKOX, on Behalf of GEORGE HICKOX, Appellant, v LOUISE F. HICKOX, Respondent. PAYNE-WHITNEY PSYCHIATRIC CLINIC OF THE NEW YORK HOSPITAL-CORNELL MEDICAL CENTER, Respondent.

First Department, November 14, 1978

### APPEARANCES OF COUNSEL

*Raoul Lionel Felder (Norman M. Sheresky* with him on the brief), for appellant.

*Peter E. Bronstein* of counsel *(Bronstein, Van Veen & Bronstein,* attorneys), for Louise F. Hickox, respondent.

*James J. Pinto* of counsel *(Richard J. Concannon* and *Kevin G. McAnaney* with him on the brief; *Kelley Drye & Warren,* attorneys), for Payne-Whitney Psychiatric Clinic of the New York Hospital-Cornell Medical Center, respondent.

### OPINION OF THE COURT

SILVERMAN, J.

In this child custody proceeding petitioner father has served upon Payne-Whitney Psychiatric Clinic a subpoena duces tecum requiring the production of any records relating to respondent mother for the period from April 19, 1977 to April 29, 1977. The subpoena was returnable in court at a specified date and time, presumably at the hearing. Payne-Whitney moved to quash the subpoena; and in a supporting affidavit by her attorney, respondent mother has joined in that application. Special Term granted the motion to quash. Petitioner father appeals. We reverse and deny the motion to quash the subpoena, but direct that the use of the subpoenaed records shall be subject to the limitations hereinafter discussed.

█ The parties appear to have proceeded on the assumption that compliance with the subpoena would result in general disclosure of the records to petitioner father. A subpoena duces tecum for use at a trial or hearing, and the denial of a motion to quash such subpoena duces tecum, are not the

equivalent of an order of disclosure. The subpoena merely directs the subpoenaed party to have the documents in court so that the court may make appropriate direction with respect to the use of such documents. It is quite common for hospital records to be subpoenaed in our courts, where in New York County they are left with the medical reports office of the court and are not available for inspection except on order of the court (or on agreement of the parties involved). Thus, in our view, the grant of the motion to quash the subpoena prematurely limited the power of the court on the facts as they may ultimately appear to make appropriate directions with respect to the use of the records.

Considering now the extent to which such records may be used and future disclosure thereof made, we note the following:

CPLR 4504 provides in part: "(a) Confidential information privileged. Unless the patient waives the privilege, a person authorized to practice medicine, registered professional nursing, licensed practical nursing or dentistry shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity." The Special Term Justice in the present case, consistently with his prior ruling in *Yaron v Yaron* (83 Misc 2d 276), has read the statute literally. As he said in the *Yaron (supra,* p 284) case: "This court takes the position that any communication which is privileged when made remains privileged forever unless the privilege is waived by the client." On the other hand, in *Baecher v Baecher* (58 AD2d 821), our brethren in the Second Department held that the privilege is waived by a respondent "actively contesting custody, thereby putting his mental and emotional well-being into issue." In *Perry v Fiumano* (61 AD2d 512, 519) our brethren in the Fourth Department took the position that the privilege, even when not waived, is not absolute and apparently "that where it is demonstrated that invasion of protected communications between a party and a physician, psychologist or social worker is necessary and material to a determination of custody the rule of privilege protecting such communications must yield to the 'dominant * * * duty of the court to guard the welfare of its wards'." In *Matter of Schulman v New York City Health & Hosps. Corp.* (44 AD2d 482, 484), this court referring to the physician-patient privilege said that " 'despite the sacrosanct nature of

the statutory prohibition', it may be waived or suspended for certain purposes, even if not for all purposes." (The Special Term Justice read the affirmance by the Court of Appeals of this court's decision in the *Schulman* case [38 NY2d 234] as not adopting the quoted statement.)

It is at least arguable that there may have been a waiver of the privilege in the present case arising from these facts: The wife's attorney has stated that he "will offer psychiatric testimony in support of Mrs. Hickox's case." Further, the wife is not merely contesting the change in custody; she is herself asking for a modification of the joint custody provisions of the separation agreement so as to award to her full and complete custody of the child. (Cf. *Braiman v Braiman,* 44 NY2d 584.)

However, we think it is too early to decide whether the privilege has been waived or is inapplicable.

We agree with the statement of the Fourth Department, Appellate Division, in *Perry v Fiumano* (61 AD2d 512, 519): "Nor would we want a custodial parent to forgo needed psychiatric or other help out of fear that confidences will later be unfairly and unnecessarily revealed through the animus act of a present or former spouse. To avoid such potentially chilling effects, it is apparent that these privileges may not cavalierly be ignored or lightly cast aside. There first must be a showing beyond 'mere conclusory statements' that resolution of the custody issue requires revelation of the protected material."

Respondent Payne-Whitney has asked that if this court grants any part of petitioner's appeal that the "Court insure that any disclosure is adequately supervised." And in essence, respondent mother joins in this request asking that hospital records, if they are to be disclosed in any degree, should be submitted directly by the hospital to the court for examination by the court. These requested limitations appear to us to be reasonable.

Accordingly, we direct that although the hospital shall produce the records, for such use as the Special Term Justice may direct, there shall be no disclosure of such records to adverse parties, except to the extent that the Special Term shall direct, in the light of the circumstances then existing. In making such direction, the Justice shall consider any psychiatric testimony offered or proposed; whether there has been a waiver of privilege; and whether the records are material and necessary for the purpose of determining custody, or whether

the court and the parties have sufficient information to determine future custody without such disclosure or perhaps even preliminary examination by the Justice himself. Before permitting disclosure of these records or any part of them to the parties, the Special Term Justice shall himself examine the records and determine which if any parts of the records shall be disclosed. In our view, the power of the Justice to permit appropriate disclosure for the purposes of the custody proceeding or to make a preliminary examination of the records himself does not depend solely on whether or not there has been a waiver of the privilege.

Obviously it would be improper to permit disclosure of these records simply for the purpose of enabling the husband in the pending divorce action to attempt to prove adultery on the part of the wife.

The order of Special Term, New York County (BLYN, J.), entered April 13, 1978, granting the motion to quash the subpoena duces tecum should be reversed, on the law, and in the exercise of discretion, without costs and disbursements, and the motion to quash denied, and the records may be used subject to the limitations stated in this opinion.

KUPFERMAN, J. P., BIRNS, FEIN and SANDLER, JJ., concur.

Order, Supreme Court, New York County, entered on April 13, 1978, unanimously reversed, on the law and in the exercise of discretion, without costs and without disbursements, and the motion to quash denied, and the records may be used subject to the limitations stated in the opinion of this court.