OPINION OF THE COURT
Martin Evans, J.
In this proceeding by a special guardian seeking the appointment of a conservator under the Mental Hygiene Law, the petitioner seeks to introduce, for the purpose of establishing one of the conditions required by statute to be established as a foundation for the granting of the'petition, certain hospital and medical records pertaining to the respondent. The respondent, represented by a guardian ad litem, objects to the receipt of this evidence claiming the statutory privilege under CPLR 4504 (subd [a]).
The objection is sustained. The only case which appears to support the petitioner is Matter of Allen (24 Misc 2d 763, opp dsmd 13 AD2d 473). In that case, involving an alleged incompetent, the court concluded that the privilege did not apply to this type of proceeding. However, that holding was somewhat equivocal, since the court also stated that the particular report included there did not appear to have a privileged character.
Cases involving the welfare of children are of a different nature. There, although usually framed on the theory of *289 need in such a proceeding, in reality a person either seeking custody, by obtaining it or by maintaining it, places his or her mental and physical status in issue as one of the elements of the case; and it is well settled that this is tantamount to a waiver, whether done affirmatively or defensively. (Koump v Smith, 25 NY2d 287.)
Subject to that exception, and a limited number of others (see Pierson v People, 79 NY 424), cases in New York have maintained the privilege for many years. (Matter of Baird, 11 NY St Rep 263.)
Here, the respondent, a fairly young and wealthy person, stoutly denies that a conservator is needed. If the law were to be that there was no privilege in this type of case, a chill would be cast over all medical treatment of persons who might consider themselves as potential subjects of an attempt by relatives or by others, to take control of their property. Public policy is clearly in favor of complete freedom of medical treatment and openness in communications between patient and doctor.
Unless waived by affirmative act, it should be maintained.