■ In the Matter of IRA P. RUBTCHINSKY, Respondent, v MORIAH CENTRAL SCHOOL DISTRICT, BOARD OF EDUCATION et al., Appellants. (And One Other Proceeding.) — Appeals (1) from an order of the Supreme Court at Special Term (Soden, J.), entered March 10, 1980 in Essex County, which conditionally required the Moriah Central School District to comply with a subpoena duces tecum in a teacher tenure hearing and prohibited the school district from conducting the hearing without first restoring Linwood Staples to employee status, and (2) from an order of said court, entered August 27, 1980 in Essex

County, which granted the school district's motion to renew and reargue and, upon reconsideration, adhered to its original decision. Petitioner Linwood Staples acquired tenure in 1962 and continued in his position as a high school business teacher with the respondent Board of Education of the Moriah Central School District until May of 1979 when he was suspended with pay pending the outcome of a hearing on charges of incompetency and misconduct (Education Law, § 3020-a; cf. *Matter of Jerry v Board of Educ.*, 35 NY2d 534). He was subsequently advised by letter dated July 20, 1979 that a business position had been eliminated from the staff for the 1979-1980 academic year and that, as the teacher with the least seniority, his services were to be discontinued on August 31, 1979 (Education Law, § 2510, subd 2). The hearing which was scheduled for October 30, 1979 never took place. Petitioner's attorney initiated a proceeding to enforce compliance with a subpoena requesting documentary materials allegedly needed to defend against the charges, and petitioner commenced a proceeding under CPLR article 78 to obtain reinstatement to his position with back pay. Respondent moved to quash the subpoena and, on objections in point of law, to dismiss the three causes of action set forth in the petition. Both matters were decided by Special Term at the same time. It made certain rulings in favor of petitioner and, after granting respondent's motion for reargument, adhered to its original decision. These appeals ensued. In essence, Special Term has determined that petitioner must be restored to the economic benefits of his position before respondent can proceed with a hearing under section 3020-a of the Education Law. We disagree. Accepting the allegations of the article 78 petition as true, and without considering the opposing affidavits submitted by respondent (see *Matter of Mattioli v Casscles*, 50 AD2d 1013), it is evident that petitioner has stated a viable cause of action insofar as he maintains his services were improperly terminated by the abolition of a business position in violation of subdivision 2 of section 2510 of the Education Law. Since factual issues may exist concerning the reasons for the abolition, the proper tenure area enjoyed by petitioner, and his seniority within that area, dismissal of the claim is not presently warranted and respondents should be given an opportunity to answer his contentions in that regard (CPLR 7804, subd [f]; see *Matter of Ward v Nyquist*, 43 NY2d 57; *Matter of Lezette v Board of Educ.*, 35 NY2d 272; *Matter of Silver v Board of Educ.*, 46 AD2d 427). If petitioner ultimately succeeds in proving his cause of action, he would, of course, be entitled to reinstatement to his former status as a teacher suspended with pay while awaiting the disposition of pending charges. However, if he were to fail in overturning the action which eliminated his services, it does not follow that the hearing process must be terminated. Petitioner would retain the right to be reappointed to a vacancy occurring in a similar position for the next six years (Education Law, § 2510, subd 3; see *Matter of Chauvel v Nyquist*, 43 NY2d 48) and, significantly, he was not relinquished this statutory benefit. In the absence of an unqualified resignation or a settlement agreement (see *Matter of Abramovich v Board of Educ.*, 46 NY2d 450; *Matter of Cedar v Commissioner of Educ. of State of N.Y.*, 30 AD2d 882), we are aware of no legal or logical reason that would compel respondent to abort a hearing scheduled under section 3020-a of the Education Law. Thus, while the merits of respondent's action eliminating a business position can and should be resolved in a summary fashion after issue is joined, it was error for Special Term to grant relief prematurely by effectively directing that the charges abate unless petitioner is restored to employment with pay. We discern no impediment to simultaneous continuation of the hearing process. Lastly, however, we do agree with Special Term's decision concerning the subpoena. Order entered March 10, 1980 modified, on the law, by deleting therefrom the third and fourth decretal paragraphs and by substi-

tuting therefor a provision denying respondent's motion to dismiss the petition with leave to serve an answer within 20 days after service of the order to be entered herein, with notice of entry, and, as so modified, affirmed, without costs. Appeal from the order entered August 27, 1980 dismissed, as academic, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.