■ In the Matter of BROADALBIN CENTRAL SCHOOL DISTRICT, Respondent, v GARY CERRONE, Appellant. — Appeal from that portion of an order of the Supreme Court at Special Term (Viscardi, J.), entered November 1, 1982 in Schenectady County, which denied respondent's cross motion to dismiss petitioner's motion to quash or modify a subpoena duces tecum. During the course of an administrative hearing to determine charges of misconduct brought by petitioner Broadalbin Central School District against respondent Gary Cerrone pursuant to the provisions of section 3020-a of the Education Law, respondent's attorney served a subpoena duces tecum upon petitioner's counsel which demanded, among other things, copies of all "reports * * * which concern or involve any of the alleged activities set forth in any of the charges preferred against respondent". After petitioner registered a complaint about the reach of the subpoena and respondent argued that the administrative panel had no jurisdiction to quash or modify it, the hearing proceeded without a definitive ruling from the panel chairman. After respondent rested, petitioner presented rebuttal testimony from a private investigator. When the witness was unable to testify without his recollection being refreshed, his written investigative report was handed to him for that purpose. Respondent objected and the hearing chairman declined to rule whether he had jurisdiction to quash or modify the subpoena. The hearing was suspended at that point and remains

suspended to this date. Subsequently, petitioner moved in Supreme Court to quash or modify the subpoena duces tecum and respondent cross-moved to dismiss the motion. Special Term denied both motions. Respondent appeals from that portion of the order which denied his cross motion. Respondent's contention that Special Term was without jurisdiction to entertain the motion to quash or modify the subpoena duces tecum because it was not brought within the context of an action or special proceeding is rejected. By denying the charges and appearing at the hearing, respondent submitted to the jurisdiction and authority of the administrative panel. The relevant statute (Education Law, § 3020-a, subd 3, par c) and the rules promulgated thereunder (8 NYCRR 82.8) allow each party to subpoena witnesses. This power has been construed as permitting the issuance of subpoenas duces tecum in an administrative proceeding (see *Matter of Rubtchinsky v Moriah Cent. School Dist., Bd. of Educ.*, 82 AD2d 960, app dsmd *sub nom. Matter of Staples v Board of Educ.*, 54 NY2d 1025). CPLR 2302 (subd [a]) also recognizes that subpoenas are validly issued in the context of both judicial and nonjudicial forums (see *Matter of Irwin v Board of Regents of Univ. of State of N. Y.*, 27 NY2d 292). Further, CPLR 2304 provides that where, as here, a subpoena is not returnable in a court, a "request" to withdraw or modify the subpoena shall first be made to its issuer and "a motion to quash, fix conditions or modify may thereafter be made in the supreme court". Here, given the colloquy between the parties in front of the administrative panel regarding the efficacy of the subpoena, it cannot be doubted that a "request" was made by petitioner to either withdraw or modify the subpoena. The refusal of the issuer to do either provided the predicate for petitioner's motion in the Supreme Court. While it is true that an administrative hearing officer may give appropriate directions with respect to the use of documents produced pursuant to a subpoena duces tecum, such authority does not, indeed cannot, dilute the duty of the Supreme Court to determine the legality of such a subpoena in terms of its reach when a party makes a motion to quash or modify the document pursuant to CPLR 2304. In the case at bar, Special Term failed to determine petitioner's motion to quash or modify, citing *People ex rel. Hickox v Hickox* (64 AD2d 412) as authority for the principle that the hearing officer should make that determination. We disagree, but in the absence of an appeal by petitioner from that portion of the order which denied its motion we will not examine the subpoena to determine if petitioner was entitled to any judicial relief. Order affirmed, without costs. Mahoney, P. J., Sweeney, Casey, Weiss and Levine, JJ., concur.